UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

_____
                                    )
VESTA CORPORATION,                  )
                                    )       CIVIL ACTION NO. 4:15-CV-00719
        Plaintiff,                  )
                                    )
V.                                  )
                                    )
VESTA MANAGEMENT SERVICES, LLC,     )
                                    )
        Defendant.                  )
_____)

### PLAINTIFF VESTA CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT VESTA MANAGEMENT SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT

<h1 style="text-align:center">TABLE OF CONTENTS</h1>

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING............................ 1

STATEMENT OF THE ISSUES AND APPLICABLE STANDARD OF REVIEW ................. 1

SUMMARY OF THE ARGUMENT ............................................................................ 1

STATEMENT OF UNDISPUTED MATERIAL FACTS ........................................... 2

ARGUMENT ............................................................................................................ 4

I.     Summary Judgment Standard ........................................................ 4

II.    Defendant Vesta Management Relies on Evidence
That Is Not In the Record ............................................................ 5

III.   A Likelihood of Confusion Exists due to Defendant Vesta Management's
Use of Plaintiff Vesta Corporation's VESTA Mark ...................................... 6

     A.    Strength of Plaintiff Vesta Corporation's VESTA Mark ................. 7

     B.    Similarity of the Marks ................................................... 11

     C.    Similarity of the Services ................................................ 12

     D.    Identity of the Purchasers ............................................... 13

     E.    Similarity of Advertising ................................................. 13

     F.    Defendant Vesta Management's Intent................................ 13

     G.    Actual Confusion ......................................................... 14

     H.    Degree of Care Exercised by Potential Purchasers ..................... 18

IV.   Plaintiff Vesta Corporation is Entitled to Relief under Tex. Bus. & Comm.
Code § 16.102 Because Its VESTA Mark is Federally Registered ........... 19

     A.    Registration of a Federally Registered Mark
Entitles Owner to Relief ................................................. 19

     B.    Plaintiff Vesta Corporation Did Not Abandon Its VESTA Mark .... 20

V.    Defendant Vesta Management's Use of Plaintiff
Vesta Corporation's VESTA Mark Infringes Plaintiff
Vesta Corporation's Registered VESTA Mark............................................ 21

CONCLUSION................................................................................................ 23

# TABLE OF CONTENTS OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| 1 | Vesta Corporation's Statement of Undisputed Material Facts as set forth in its Memorandum of Law in Support of Its Motion for Summary Judgment; Dkt. 27 at 3–9 |
| 2 | Supplemental Declaration of Joshua Greenblatt<br>Executive Vice President, Vesta Corporation |
| 3 | Deposition Transcript of Joshua Greenblatt<br>Executive Vice President, Vesta Corporation |
| 4 | Deposition Transcript of Ashley McLaughlin<br>Marketing Coordinator, Vesta Corporation |
| 5 | Email from Bryan Head to VJ Arizpe dated January 23, 2015 |
| 6 | Email from Bryan Head to Suan Tinsley dated January 23, 2015 |
| 7 | Supplemental Declaration of Charles Moran<br>Executive Vice President, Vesta Corporation |
| 8 | Declaration of Kimberly Wimbush<br>National Sales Account Executive, Hunter Warfield |
| 9 | Philip Morris USA Inc.'s Second Amended Complaint<br>No. 3:05-cv-00490-PRM, Dkt. 70-1 (W.D. Tex. Aug. 14, 2006) |
| 10 | Plaintiff Vesta Corporation's Third Supplemental Response to Defendant Vesta Management Services, LLC's First Set of Interrogatories |

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aero-Motive Co. v. U.S. Aeromotive, Inc.*, 922 F. Supp. 29 (W.D. Mich. 1996) .................. 12

*Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321 (5th Cir. 2008) .............................. 6

*Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252 (5th Cir. 1980) ............................... 9, 11

*Armstrong Cork Co. v. World Carpets, Inc.*, 597 F.2d 496 (5th Cir. 1979) ...................... 9, 11

*Bd. of Supervisors for LSU v. Smack*, 550 F.3d 465 (5th Cir 2008) .................................... 14

*Choice Hotels Int'l, Inc. v. Patel*, 940 F. Supp. 2d 532 (S.D. Tex. 2013) ........................ 7, 18

*Citizens Nat. Bank of Meridian v. Citizens Bank of Phila.*,
    157 F. Supp. 2d 713 (S.D. Miss. 2001) ............................................................ 11

*Coach House Rest., Inc. v. Coach & Six Rests., Inc.*, 934 F.2d 1551 (11th Cir. 1991) ....... 21

*Connors v. Graves*, 538 F.3d 373 (5th Cir. 2008) .................................................................. 4

*Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358 (2d Cir. 1959) ........................ 21

*Dr. Ing. H.C.F. Porsche AG v. Zim*, 481 F. Supp. 1247 (N.D. Tex. 1979) ........................... 16

*El Chico, Inc. v. El Chico Cafe*, 214 F.2d 721 (5th Cir. 1954) ............................................... 9

*Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188 (5th Cir. 1998) ............................... 6, 13

*Exxon Mobil Corp. v. FX Networks, LLC*, 39 F. Supp. 3d 868 (S.D. Tex. 2014) ................. 11

*Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591 (5th Cir. 1985) ..... 15

*Holiday Inns, Inc. v. Holiday Out In Am.*, 481 F.2d 445 (5th Cir. 1973) ................................ 9

*Malarkey-Taylor Assocs., Inc. v. Cellular Telecomms. Indus. Ass'n*,
    929 F. Supp. 473 (D.D.C. 1996) ...................................................................... 23

*Microsoft Corp. v. Software Wholesale Club, Inc.*, 129 F. Supp. 2d 995 (S.D. Tex. 2000) .... 1

*Moore Bus. Forms, Inc. v. Ryu*, 960 F.2d 486 (5th Cir. 1992) ............................................ 15

*Nike, Inc. v. Nikepal Int'l, Inc.*, No. 2:05-CV-1468-GEB-JFM,
    2007 WL 2782030 (E.D. Cal. Sept. 18, 2007) ................................................. 10

*Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527 (5th Cir. 2015) ................ 7

*Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189 (1985) ..................................... 10

*Philip Morris USA Inc. v. Lee*, 549 F. Supp. 2d 839 (W.D. Tex. 2008) ......................... 19, 20

*Pure Foods v. Minute Maid Corp.*, 214 F.2d 792 (5th Cir. 1954) ........................................ 23

*Quantum Fitness Corp. v. Quantum LifeStyle Centers, L.L.C.*,
    83 F. Supp. 2d 810 (S.D. Tex. 1999) ............................................................... 10

*RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*,
    655 F. Supp. 2d 679 (S.D. Tex. 2009) ......................................................... 1, 6, 7, 13

Plaintiff Vesta Corporation's Memorandum of Law in Opposition to Defendant Vesta
Management Services, LLC's Motion for Summary Judgment – Page iii
1111046

*Soc'y of Fin. Exam'rs v. Nat'l Ass'n of Certified Fraud Exam'rs Inc.*,
41 F.3d 223 (5th Cir. 1995) ................................................................. 15

*Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178 (5th Cir. 1980) ................................ 7

*Sun Banks of Fla., Inc. v. Sun Fed. Sav. & Loan Ass'n*, 651 F.2d 311 (5th Cir. 1981) .... 8, 11

*Sun-Fun Prods., Inc. v. Suntan Research & Dev. Inc.*, 656 F.2d 186 (5th Cir. 1981) .......... 12

*T-Mobile US, Inc. v. AIO Wireless LLC*, 991 F. Supp. 2d 888 (S.D. Tex. 2014) ................. 15

*Triple Tee Golf, Inc. v. Nike, Inc,* 485 F.3d 253 (5th Cir. 2007) .............................. 4

*Union Carbide Corp. v. Ever-Ready, Inc.*, 531 F.2d 366 (7th Cir.) ...................................... 15

*Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087 (D. Or. 2000) . 22

*Vision Ctr. v. Opticks, Inc.*, 596 F.2d 111 (5th Cir. 1979). ...................................... 7

*Waples-Platter Cos. v. Gen. Foods Corp.*, 439 F. Supp. 551 (N.D. Tex. 1977) .................. 16

*World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F.2d 482 (5th Cir.1971) ....... 16

*Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221 (5th Cir. 2009) ...................... 14

## Statutes

15 U.S.C. § 1057 ................................................................................... 21

15 U.S.C. § 1065 ..................................................................................... 7

15 U.S.C. § 1114(1) .................................................................................. 1

15 U.S.C. § 1125(a) .................................................................................. 1

15 U.S.C. § 1127 .................................................................................... 20

Tex. Bus. & Comm. Code § 16.102 ......................................................... 2, 19, 20

Tex. Bus. & Comm. Code § 16.102(a) ............................................................... 1

## Regulations

37 C.F.R. § 2.52 ................................................................................... 11

## Other Authorities

Trademark Manual of Examining Procedures § 807.03 ........................................ 11

Trademark Manual of Examining Procedures § 807.04 ........................................ 11

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

On March 18, 2015, plaintiff Vesta Corporation ("Vesta Corporation") commenced this action alleging infringement of its VESTA mark by defendant Vesta Management Services, LLC ("Vesta Management") in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and Texas Business & Commerce Code § 16.102(a).   On April 16, 2015, defendant Vesta Management filed its answer and asserted three affirmative defenses.

The parties have completed discovery in accordance with the Court's Order Granting Joint Motion to Extend Discovery and Pretrial Motions Deadline dated September 24, 2015 [Dkt. 25].   On October 23, 2015, plaintiff Vesta Corporation and defendant Vesta Management each filed a motion for summary judgment [Dkt. 26, 28].   Docket call is scheduled for December 15, 2015.

## STATEMENT OF THE ISSUES AND APPLICABLE STANDARD OF REVIEW

Is there is a likelihood of confusion of plaintiff Vesta Corporation and defendant Vesta Management resulting from defendant Vesta Management's use of plaintiff Vesta Corporation's VESTA mark?  "Although likelihood of confusion is generally a fact question [subject to clearly erroneous standard of review] . . . summary judgment may be proper if the undisputed facts in the summary judgment record compel[ ] the conclusion that the movant is entitled to judgment as a matter of law."  *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, 655 F. Supp. 2d 679, 697 (S.D. Tex. 2009) (citation omitted); *see Microsoft Corp. v. Software Wholesale Club, Inc.*, 129 F. Supp. 2d 995, 1004 (S.D. Tex. 2000).

## SUMMARY OF THE ARGUMENT

Defendant Vesta Management has moved for summary judgment on three grounds: (1) that there is no likelihood of confusion of plaintiff Vesta Corporation and defendant Vesta Management; (2) that plaintiff Vesta Corporation cannot seek relief under Tex. Bus. & Comm. Code § 16.102 because its federally registered VESTA mark is not also registered

in Texas; and (3) defendant Vesta Management's use of the VESTA mark for "apartment house management" does not infringe plaintiff Vesta Corporation's VESTA mark in the residential real estate management industry. Defendant Vesta Management's arguments are not supported by the facts in the record or relevant law.

As demonstrated in plaintiff Vesta Corporation's Memorandum of Law in Support of its Motion for Summary Judgment [Dkt. 27], defendant Vesta Management's unauthorized use of the VESTA mark has confused in fact and is substantially likely to continue to confuse consumers. Since it filed its Motion for Summary Judgment, plaintiff Vesta Corporation has also become aware of two additional instances of actual confusion. Additionally, the United States District Court for the Western District of Texas has held that the elements of infringement under the Lanham Act and Texas statutory law are identical and has granted summary judgment on a party's claim pursuant to the predecessor statute of Tex. Bus. & Comm. Code § 16.102 when the party held only federal trademarks. Finally, defendant Vesta Management admits on its website that it provides "residential real estate management" services, and, moreover, the law within this Circuit is clear that remedies for trademark infringement are not limited by the classification of a mark.

Consequently, the Court should deny defendant Vesta Management's Motion for Summary Judgment and, because there are no disputed issues of material fact, grant plaintiff Vesta Corporation's Motion for Summary Judgment.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff Vesta Corporation incorporates by reference its Statement of Undisputed Material Facts set forth in its Memorandum of Law in Support of Its Motion for Summary Judgment; Dkt. 27 at 3–9; which, for the Court's convenience, is attached as **Exhibit 1** hereto.[1]

---

[1] Rather than reproducing substantial portions of its Memorandum of Law in Support of Its Motion for Summary Judgment and the exhibits thereto, plaintiff Vesta Corporation will cite

In addition, plaintiff Vesta Corporation provides the following undisputed material facts in support of this Memorandum of Law in Opposition to Vesta Management's Motion for Summary Judgment.

1.      Vesta Corporation owns the service mark for the word VESTA.  Supplemental Declaration of Joshua Greenblatt ("J. Greenblatt Supp. Decl.") (**Exhibit 2**) at ¶ 6 and Ex. A; Deposition Transcript of Joshua Greenblatt, Executive Vice President, Vesta Corporation ("J. Greenblatt Dep. Tr.") (**Exhibit 3**), at 34:8–9.

2.      At various times since 1998, Vesta Corporation has used its VESTA mark in Connecticut, Indiana, New Jersey, Ohio, Texas, and Washington, D.C.  J. Greenblatt Supp. Decl. at ¶ 7.

3.      Vesta Corporation operates in Texas through its subsidiaries and affiliate entities, specifically:   Vesta Management Corporation, Vesta Equity Corporation, Vesta Woodline GP, LLC, Vesta Equity Galilean, LLC, Vesta Equity El Patrimonio, LLC, Vesta Equity Amistad, LLC, Vesta Equity La Estancia, LLC, Vesta Equity Cullen, LLC, Vesta Management TX, LLC, Vesta ERI Rio Grande, LLC, Vesta Equity Rio de Vida, LLC, Vesta Equity Gates of Capernum, LLC, Vesta Equity Padre de Via, LLC, Vesta Equity El Pueblo Dorado, LLC, Vesta Equity Pueblo de Paz, LLC, and Vesta Equity Vida Que Canta, LLC.  J. Greenblatt Supp. Decl. at ¶ 8.

4.      Vesta Corporation uses its VESTA mark in print and electronic advertising, including on its website, signs at its properties, site-based staff uniforms, and at trade shows.  J. Greenblatt Dep. Tr. at 31:18–24; Deposition Transcript of Ashley McLaughlin, Marketing Coordinator, Vesta Corporation ("A. McLaughlin Dep. Tr.") (**Exhibit 4**), at 18:5–19:9.

---

to the facts set forth in the record as, "[Ex. __ to] Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. __] at __."

5.      On January 22, 2015, Bryan Head, Vice President Business Operations at Vesta Management, received an email from VJ Arizpe, an employee of Virtual Leasing Systems, offering to transfer the Park at Woodland Springs website to Vesta Management because it was taking over the property.  *See* email from VJ Arizpe to Bryan Head dated January 22, 2015, included in VMS-000009 (**Exhibit 5**).

6.      Mr. Head confirmed with Suan Tinsley, Partner at Vesta Management, that Vesta Management did not acquire the Park at Woodland Springs.  *See* email from Bryan Head to Suan Tinsley dated January 23, 2015, included in VMS-000010 (**Exhibit 6**).

7.      On October 20, 2015, Charles Moran, Executive Vice President of Vesta Corporation, received an "Order Form" from RealPage, Inc. concerning the Cedar Court Apartments in Norwalk, Connecticut, which are owned and managed by Vesta Corporation. The "Order Form" was addressed to Vesta Management.  Supplemental Declaration of Charles Moran ("C. Moran Supp. Decl.") (**Exhibit 7**) at ¶¶ 6–10.

8.      Vesta Management advertises on its website that it "provides a full range of professional real estate management services, including property management, construction and renovation, asset acquisition and syndication, accounting and professional education."  J. Greenblatt Supp. Decl. at ¶ 9 and Ex. B.

## ARGUMENT

### I.      Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact."  *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007).  "In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party."  *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

## II.  Defendant Vesta Management Relies on Evidence That Is Not In the Record

Throughout its Motion for Summary Judgment, defendant Vesta Management refers to and relies on evidence that is not properly in the record before the Court.  "A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials **in the record**."  Fed. R. Civ. P. 56(c)(1)(A) (emphasis added). Additionally, Local Rule 7.7 for the United States District Court for the Southern District of Texas provides that "[i]f a motion . . . requires consideration of facts not appearing of record, proof by affidavit or other documentary evidence **must be filed with the motion** . . . ." Emphasis added.

Defendant Vesta Management cites for support but does not attach to its motion the dictionary definition of "Vesta" and the deposition transcript of one of plaintiff Vesta Corporation's employees.  Additionally, defendant Vesta Management makes statements of fact that are unsupported by any facts in the record, such as "[a]t least six (6) of these vesta-entities appear to be related to real estate"; Def.'s Mot. for Summ. J. [Dkt. 28] at 13; "[t]he word 'Vesta' is similarly not used in the name of any of Defendant Vesta Management Services' properties"; *id.* at 16; that "Defendant Vesta Management Services does not operate low-income housing"; *id.* at 17; and that defendant Vesta Management does not offer residential real estate management services.  *Id.* at 23.

Evidence that is not properly before the Court as part of the record cannot be considered for purposes of summary judgment.  *See* Fed. R. Civ. P. 56(c)(1)(A).  Therefore, defendant Vesta Management can only rely on that evidence that is attached to its motion or is found elsewhere in the record, and its unsupported statements of fact should be disregarded.

---

PLAINTIFF VESTA CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT VESTA MANAGEMENT SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT – PAGE 5
1111046

**III.    A Likelihood of Confusion Exists due to Defendant Vesta Management's Use of Plaintiff Vesta Corporation's VESTA Mark**

A likelihood of confusion exists due to defendant Vesta Management's use of plaintiff Vesta Corporation's VESTA mark.   As detailed by plaintiff Vesta Corporation in its Memorandum of Law in Support of its Motion for Summary Judgment, there have been at least 13 instances of actual confusion of plaintiff Vesta Corporation and defendant Vesta Management since December 2013.   Additionally, defendant Vesta Management just recently produced evidence of another instance of confusion that occurred in January 2015, and plaintiff Vesta Corporation learned of an additional instance of actual confusion.

"Liability for trademark infringement hinges upon whether a likelihood of confusion exists between the marks at issue. . . . Likelihood of confusion is synonymous with a probability of confusion, which is more than a mere possibility of confusion. . . . A determination of a likelihood of confusion under federal law is the same as the determination of a likelihood of confusion under Texas law for a trademark infringement claim." *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 193 (5th Cir. 1998); *RE/MAX Int'l*, 655 F. Supp. 2d at 697.

"The factors used by this Circuit in determining whether a likelihood of confusion exists are:  (1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers." *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008).   "After assessing each digit, the court must weigh them to determine whether [there] is a likelihood of confusion.  No one factor is dispositive, and a finding of a likelihood of confusion does not even require a positive finding on a majority of these digits of confusion." *RE/MAX Int'l*, 655 F. Supp. 2d at 697 (internal quotation marks omitted).  "When a defendant uses a plaintiff's exact [mark] . . . courts within this Circuit have determined that a thorough analysis of the digits of confusion is unnecessary, and a

presumption of confusion exists." *Choice Hotels Int'l, Inc. v. Patel*, 940 F. Supp. 2d 532, 540 (S.D. Tex. 2013).

### A.      Strength of Plaintiff Vesta Corporation's VESTA Mark

Defendant Vesta Management argues that plaintiff Vesta Corporation's VESTA mark is generic and undeserving of protection due to alleged use by third parties and the addition of "Management Services" in its name after plaintiff Vesta Corporation's VESTA mark. These arguments are unpersuasive and do not permit a finding that this digit should weigh in favor of defendant Vesta Management.

Plaintiff Vesta Corporation's VESTA mark is incontestable pursuant 15 U.S.C. § 1065. *See* Ex. 2 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-2] at ¶ 10. "An 'incontestable' mark cannot be challenged as lacking secondary meaning; such marks are conclusively presumed to be nondescriptive or to have acquired secondary meaning." *Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178, 1184–85 (5th Cir. 1980). Because plaintiff Vesta Corporation's VESTA mark is incontestable, defendant Vesta Management must prove that it is generic, which it cannot do.

"Marks can be classified as generic, descriptive, suggestive, or arbitrary and fanciful. . . . [W]ithin this spectrum, the strength of a mark, and of its protection, increases as one moves away from generic and descriptive marks toward arbitrary marks." *RE/MAX Int'l*, 655 F. Supp. 2d at 698. "A generic term is the name of a particular genus or class of which an individual article or service is but a member." *Vision Ctr. v. Opticks, Inc.*, 596 F.2d 111, 115 (5th Cir. 1979). "The test for genericness is whether the public perceives the term primarily as the designation of the article." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 538 (5th Cir. 2015).

Defendant Vesta Management does not present the Court with any evidence that the public perceives the VESTA mark as a designation of the service that plaintiff Vesta Corporation provides. The only evidence that defendant Vesta Management submits to the

Court in support of its argument that plaintiff Vesta Corporation's VESTA mark is generic is an unauthenticated printout of what is allegedly a search for the word "Vesta" on the Texas Secretary of State's website, which "reveals fifty-four (54) business organizations registered with the state with 'vesta' in the name," six of which "appear to be related to real estate." Def.'s Mot. for Summ. J. [Dkt. 28] at ¶ 17.

Assuming, arguendo, that the Court may consider such evidence on summary judgment, this evidence is not persuasive. First, of the 54 companies registered to do transact business in Texas using the name "Vesta," 16 of those are subsidiaries or affiliates of plaintiff Vesta Corporation. J. Greenblatt Supp. Decl. at ¶ 8. Defendant Vesta Management implies that plaintiff Vesta Corporation is an unregistered business operating in Texas. Contrary to this unsupported proposition, plaintiff Vesta Corporation operates in Texas through its numerous subsidiaries and affiliate entities, specifically Vesta Management Corporation, Vesta Equity Corporation, Vesta Woodline GP, LLC, Vesta Equity Galilean, LLC, Vesta Equity El Patrimonio, LLC, Vesta Equity Amistad, LLC, Vesta Equity La Estancia, LLC, Vesta Equity Cullen, LLC, Vesta Management TX, LLC, Vesta ERI Rio Grande, LLC, Vesta Equity Rio de Vida, LLC, Vesta Equity Gates of Capernum, LLC, Vesta Equity Padre de Via, LLC, Vesta Equity El Pueblo Dorado, LLC, Vesta Equity Pueblo de Paz, LLC, and Vesta Equity Vida Que Canta, LLC. *Id.* In fact, this evidence only underscores plaintiff Vesta Corporation's use of its VESTA mark, which according to the evidence properly before the Court, is used only by plaintiff Vesta Corporation and defendant Vesta Management in the residential real estate management industry in Texas.

Second, the support that defendant Vesta Management seeks from *Sun Banks of Fla., Inc. v. Sun Fed. Sav. & Loan Ass'n*, 651 F.2d 311, 316 (5th Cir. 1981), is misplaced. In that case, the court considered that more than 4,400 companies in Florida used the word "Sun" in their name, including 25 in the same industry as the plaintiff and another 50 in the industry that used a derivative of the word "Sun." *Id.* at 316. Certainly, there is a significant

difference between 4,400 companies and 54, or between 25 companies in the financial services industry and 6 that allegedly "appear to be related to real estate," including defendant Vesta Management.

Defendant Vesta Management also cites for a similar proposition *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252 (5th Cir. 1980); *Armstrong Cork Co. v. World Carpets, Inc.*, 597 F.2d 496 (5th Cir. 1979); *Holiday Inns, Inc. v. Holiday Out In Am.*, 481 F.2d 445 (5th Cir. 1973); and *El Chico, Inc. v. El Chico Cafe*, 214 F.2d 721 (5th Cir. 1954). These cases all rely on evidence far more extensive than defendant Vesta Management's single unauthenticated exhibit purporting to list 54 companies registered with the Texas secretary of state using the word "Vesta" in their legal names, many of which are subsidiaries or affiliates of plaintiff Vesta Corporation.

Third, defendant Vesta Management offers no evidence to support its conclusion that the other five companies that "appear to be related to real estate" are actually in the industry other than looking the names of the companies themselves. For example, it is certainly within the realm of possibility that "Vesta Community Development" develops communities through outreach and programming rather than with apartments or homes. The record is devoid of any evidence from which the Court can conclude that the five companies other than defendant Vesta Management that "appear to be related to real estate" actually cause the consuming public to make a connection between the VESTA mark and the residential real estate property management industry. In fact, if the Court were to accept defendant Vesta Management's argument, it must also acknowledge the corollary to that position, which is that the companies named "Vesta" that do not "appear to be related to real estate" such as Vesta Medical, LLC, Vesta Restaurant Group, LLC, and Vesta Recycling Inc [*sic*] necessarily cause the public not to make a connection between the VESTA mark and the residential real estate property management industry.

Plaintiff Vesta Corporation's VESTA mark is not generic, and, because the mark is incontestable, plaintiff Vesta Corporation has no burden to show that the mark is distinctive. *See Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 201 (1985). Although it does not need to prove the proper classification of its mark, Vesta Corporation's VESTA mark is, at the very least, suggestive.

> A mark . . . is descriptive if it 'identifies a characteristic or quality of an article or service, such as its color, odor, function, dimensions, or ingredients. . . . [I]n many cases, a descriptive term will be an adjective such as 'speedy,' 'friendly,' 'green,' 'menthol,' or 'reliable.' . . . A suggestive mark is one which suggests rather than describes some particular characteristic of the goods or services to which it applies and requires the imagination in order to draw a conclusion as to the nature of goods and services. . . . Arbitrary and fanciful marks are those that are not suggestive of the products or services with which they are associated. . . . An arbitrary mark has a common meaning unrelated to the product for which it has been assigned, such as APPLE when applied to computers . . . or 'Ivory' as applied to soap. . . . 'Fanciful' marks, by contrast, are usually 'coined words, such as "Xerox" or "Kodak,"' that signify nothing but the product.

*Quantum Fitness Corp. v. Quantum LifeStyle Centers, L.L.C.*, 83 F. Supp. 2d 810, 817 (S.D. Tex. 1999) (citations omitted; internal quotation marks omitted).

Plaintiff Vesta Corporation's VESTA mark does not identify a characteristic or quality of the service it provides and thus is not descriptive. At a minimum, plaintiff Vesta Corporation's VESTA mark is suggestive of the services it provides and requires a consumer to draw a link from Vesta, the Roman goddess of the hearth, to conclude that plaintiff Vesta Corporation's services concern residential real estate management and development. This conclusion is supported by the United States District Court for the Eastern District of California's holding that the NIKE mark, named after a Greek goddess of speed and victory, is "at the very least, suggestive" and is "inherently distinctive." *Nike, Inc. v. Nikepal Int'l, Inc.*, No. 2:05-CV-1468-GEB-JFM, 2007 WL 2782030, at *7 (E.D. Cal. Sept. 18, 2007).

Because defendant Vesta Management cannot prove that plaintiff Vesta Corporation's incontestable VESTA mark is generic, this digit cannot weigh in its favor.

### B. Similarity of the Marks

Contrary to defendant Vesta Management's argument, the mark at issue in this action is the standard character, or typed drawing, word mark VESTA as opposed to a special form or design mark of plaintiff Vesta Corporation's corporate logo. Def.'s Mot. for Summ. J. [Dkt. 28] at ¶¶ 21–22; *see* J. Greenblatt Supp. Decl. at ¶ 6 and Ex. A. "Federal trademark registrations may be issued for either a 'standard character' [formerly 'typed drawing'] mark or a 'special form' mark. . . . Unlike special form marks, standard character marks make no claim to any particular font style, color, or size of display. . . . However, [i]f [a] registrant . . . obtains a standard character mark[,] . . . the registrant is entitled to depictions of the standard character mark regardless of font style, size, or color." *Exxon Mobil Corp. v. FX Networks, LLC*, 39 F. Supp. 3d 868, 871 (S.D. Tex. 2014) (citations omitted; internal quotation marks omitted), citing 37 C.F.R. § 2.52(a)–(b); Trademark Manual of Examining Procedures §§ 807.03–.04. Plaintiff Vesta Corporation is entitled to use and protect its VESTA mark regardless of the font, size, or color.

The cases cited to by defendant Vesta Management are distinguishable because either they concern special form or design marks; *Amstar Corp.*, 615 F.2d at 255–56 & n.5; *Armstrong Cork Co.*, 597 F.2d at 499; and *Sun Banks of Fla., Inc.*, 651 F.2d at 313–14; or an unregistered mark that necessarily did not have a record with the United States Patent and Trademark Office or governing state agency setting forth the characteristics of the allegedly protected mark. *See Citizens Nat. Bank of Meridian v. Citizens Bank of Phila.*, 157 F. Supp. 2d 713, 715 (S.D. Miss. 2001) aff'd sub nom. *Citizens Nat. Bank of Meridian v. Citizens Bank of Phila. Miss.*, 35 F. Appx. 391 (5th Cir. 2002).

Rather than compare corporate logos, it is proper for the Court to consider the similarity of defendant Vesta Management's use of the VESTA mark and plaintiff Vesta

Corporation's use of the VESTA mark. Although plaintiff does business as "Vesta Corporation" and defendant does business as "Vesta Management Services, LLC," the distinctive component of both full corporate names is the same exact word: "Vesta." Because consumers are not comparing the services provided by plaintiff Vesta Corporation side by side next to those provided by defendant Vesta Management, the likelihood of confusion based on defendant Vesta Management's use of plaintiff Vesta Corporation's VESTA mark increases. *See Sun-Fun Prods., Inc. v. Suntan Research & Dev. Inc.*, 656 F.2d 186, 192 (5th Cir. 1981) ("[T]he inability to compare the products side by side and observe the precise differences in appearance may increase the likelihood of confusion.").

Moreover, the Court should give no weight to the so-called "minor differences" between plaintiff Vesta Corporation's and defendant Vesta Management's names. *See Aero-Motive Co. v. U.S. Aeromotive, Inc.*, 922 F. Supp. 29, 41 (W.D. Mich. 1996) ("[T]he fact that one mark contains the word 'Company' while the other has the terms 'U.S.' and 'Inc.' is also not dispositive [of the similarity of the marks]. These words are commonly used in company names and do not aid customers in identifying a product."). In fact, defendant Vesta Management does not always use its full name and repeatedly refers to itself on its website simply as "Vesta." Ex. 1 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-1] at ¶¶ 10, 13; *see* J. Greenblatt Supp. Decl. at Ex. B. Because both plaintiff Vesta Corporation and defendant Vesta Management use the VESTA mark in their names, and, in fact, the entire distinctive feature of their names is the word "Vesta," this digit cannot weigh in defendant Vesta Management's favor.

### C.    Similarity of the Services

There is no dispute that both plaintiff Vesta Corporation and defendant Vesta Management operate multifamily residential apartment communities. Ex. 1 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-1] at ¶¶ 6, 11, and Ex. B thereto; *see also* J. Greenblatt Supp. Decl. at ¶ 9 and Ex. B thereto. Contrary to defendant Vesta

Management's unsubstantiated assertion, the evidence in the record supports a conclusion that plaintiff Vesta Corporation displays its VESTA mark at all of its communities and that all of its site-based staff wear uniforms bearing the VESTA mark. *See* J. Greenblatt Dep. Tr. at 31:18–24; A. McLaughlin Dep. Tr. at 18:5–19:9. There is no evidence in the record supporting the assertion that defendant Vesta Management does not use the VESTA mark at its communities; *see* Def.'s Mot. for Summ. J. [Dkt. 28] at ¶ 25; but the record clearly indicates that defendant Vesta Management advertises its properties on its website, www.vesta24-7.com. Ex. 1 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-1] at ¶¶ 11, 21, and Ex. C thereto.

Because both plaintiff Vesta Corporation and defendant Vesta Management operate multifamily residential apartment communities, this digit necessarily does not support defendant Vesta Management.

### D.    Identity of the Purchasers

Defendant Vesta Management contends that it "does not operate low-income housing," but does not provide any evidence in support of that position. Likewise, there is no evidence in the record that a consumer with income below 100% of the area's median income cannot rent an apartment from defendant Vesta Management. In the absence of such evidence, this digit cannot favor defendant Vesta Management.

### E.    Similarity of Advertising

Defendant Vesta Management does not address this digit, and, as a result, this digit cannot weigh in favor of defendant Vesta Management.

### F.    Defendant Vesta Management's Intent

"Proof of the defendant's intent to benefit from the good reputation of the plaintiff's products is not required in order to establish infringement." *RE/MAX Int'l*, 655 F. Supp. 2d at 702. "If the defendant acted in good faith, then this digit of confusion becomes a non-factor in the likelihood-of-confusion analysis." *Elvis Presley Enters.*, 141 F.3d at 203.

Plaintiff Vesta Corporation provided evidence in its motion that shows, at the very least, a willful blindness to plaintiff Vesta Corporation's VESTA mark that may support an inference of bad faith; *see* Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27] at 16; and, as a result, this digit cannot weigh in favor of defendant Vesta Management.

### G.    Actual Confusion

"Evidence that consumers have been actually confused in identifying the defendant's use of a mark as that of the plaintiff may be the best evidence of a likelihood of confusion." *Bd. of Supervisors for LSU v. Smack*, 550 F.3d 465, 483 (5th Cir 2008).  "Actual confusion need not be proven, but if consumers have confused the junior mark for the senior mark, this is the best evidence of a likelihood of confusion. . . . Moreover, reason tells us that while very little proof of actual confusion would be necessary to prove the likelihood of confusion, an almost overwhelming amount of proof would be necessary to refute such proof." *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 229 (5th Cir. 2009) (citation omitted; internal quotation marks omitted).

Defendant Vesta Management attempts to artificially narrow instances of actual confusion to instances in which "Defendant Vesta Management Corporation deceived customers into leasing its properties with the belief Defendant's properties were in some way affiliated with Plaintiff's."  Def.'s Mot. for Summ. J. [Dkt. 28] at ¶ 33.  By presenting this tortured understanding of "actual confusion," defendant Vesta Management turns a blind eye to the many instances of actual confusion that have occurred.

As an initial matter, defendant Vesta Management totally disregards three instances of actual confusion by consumers or potential consumers.  As detailed in plaintiff Vesta Corporation's Memorandum of Law in Support of Its Motion for Summary Judgment, defendant Vesta Management received a phone call from an individual seeking to rent an apartment in Washington, D.C. contemporaneous with its including on its website information about plaintiff Vesta Corporation's properties in Washington, D.C. listed just

below defendant Vesta Management's own telephone number. *See* Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27] at 17; Ex. 1 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-1] at ¶¶ 19–20 and Ex. F thereto; Ex. 5 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-5] at 4. Additionally, plaintiff Vesta Corporation has received two phone calls from residents of defendant Vesta Management's properties, one of whom was given the phone number by someone *actually working* in the site office at one of defendant Vesta Management's properties. *See* Ex. 10 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-10] at ¶ 6; Ex. 11 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-11] at ¶¶ 6–7.

Defendant Vesta Managements also urges this Court to disregard the instances of actual confusion by vendors, contrary to the law in this Circuit. "The Fifth Circuit has advised district courts not to ignore competent actual-confusion evidence." *T-Mobile US, Inc. v. AIO Wireless LLC*, 991 F. Supp. 2d 888, 923 (S.D. Tex. 2014). "In no case [has the Fifth Circuit] sanctioned total disregard of evidence of actual confusion; there is simply no precedent for such a view, ***regardless of the identity of the person confused***." *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 597 (5th Cir. 1985) (emphasis added). "The plaintiff need not . . . prove confusion in actual consumers. . . . Evidence of confusion in others permits the inference of confusion of purchasers." *Soc'y of Fin. Exam'rs v. Nat'l Ass'n of Certified Fraud Exam'rs Inc.*, 41 F.3d 223, 228 n.11 (5th Cir. 1995); *see also Moore Bus. Forms, Inc. v. Ryu*, 960 F.2d 486, 491 (5th Cir. 1992) (confusion by both customers and employees is evidence of actual confusion); *Union Carbide Corp. v. Ever-Ready, Inc.*, 531 F.2d 366, 384 (7th Cir.), cert. denied, 429 U.S. 830 (1976) ("Assuming the clerk was confused, this gives rise to an inference that purchasers would also be confused because salespersons are more likely than customers to be familiar with various marks on the merchandise they sell and hence are less likely to be confused."), and cases cited therein; *World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F.2d

482, 489 (5th Cir. 1971) (confusion among retailers, rather than consumers, is evidence of actual confusion); *Dr. Ing. H.C.F. Porsche AG v. Zim*, 481 F. Supp. 1247, 1250 n.4 (N.D. Tex. 1979) ("confusion among suppliers indicates the likelihood of confusion by the public generally, including customers in particular."); *Waples-Platter Cos. v. Gen. Foods Corp.*, 439 F. Supp. 551, 582 (N.D. Tex. 1977) ("evidence that retailers were confused does support the likelihood of confusion in the mind of the consumer.").

In its Memorandum of Law in Support of Its Motion for Summary Judgment, plaintiff Vesta Corporation identified 10 instances of actual confusion by various industry vendors: plaintiff Vesta Corporation has received (1) a phone call from a vendor looking to collect monies owed to them by defendant Vesta Management; Ex. 16 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-16] at ¶ 6; (2) a phone call from a vendor seeking to solicit collection business for defendant Vesta Management's properties in North Carolina; Ex. 12 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-12] at ¶¶ 10–16 and Declaration of Kimberly Wimbush, National Sales Account Executive, Hunter Warfield (**Exhibit 8**); and (3) an email from a vendor regarding the credit limit for payment of rent to defendant Vesta Management. Ex. 1 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-1] at ¶ 27. (4) Plaintiff Vesta Corporation has had to ask a vendor to remove defendant Vesta Management's corporate logo from marketing material it was preparing for one of plaintiff Vesta Corporation's properties; Ex. 6 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-6] at ¶ 13; and (5)–(10) has had three vendors, on at least six different occasions, incorrectly associate defendant Vesta Management's properties with plaintiff Vesta Corporation's accounts, which resulted in defendant Vesta Management's properties appearing on billing records, vendor reports, and online payment profiles belongs to plaintiff Vesta Corporation. *Id.* at ¶¶ 8–11, 14–17; Ex. 8 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-8] at ¶¶ 6–11; and Ex. 14 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-14] at ¶¶ 6–10.

Moreover, since the time defendant Vesta Management filed its Motion for Summary Judgment and well after the conclusion of discovery in this case, it produced to plaintiff Vesta Corporation a series of emails exchanged on January 22 and 23, 2015 (just one week after plaintiff Vesta Corporation sent to defendant Vesta Management a cease and desist letter concerning its improper use of the VESTA mark; Ex. 1 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-1] at ¶ 18) between Suan Tinsley, Partner at defendant Vesta Management, and Bryan Head, Vice President Business Operations at defendant Vesta Management, relating to an inquiry from a vendor that believed defendant Vesta Management was taking over the Park at Woodland Springs from another company. After Ms. Tinsley confirmed to Mr. Head that defendant Vesta Management had not taken over the Park at Woodland Springs, Mr. Head responded to Ms. Tinsley, "maybe they were **confused**." Ex. 6 (emphasis added). Mr. Head was correct that the vendor was confused because, in fact, it was plaintiff Vesta Corporation, not defendant Vesta Management, which had recently acquired the Park at Woodland Springs. Ex. 1 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-1] at ¶ 8.

Additionally, subsequent to plaintiff Vesta Corporation's filing of its Motion for Summary Judgment, it has learned of an additional instance of actual confusion. On October 20, 2015, Charles Moran, Executive Vice President of Vesta Corporation, received an "Order Form" from RealPage, Inc. concerning the Cedar Court Apartments in Norwalk, Connecticut, which are owned and managed by plaintiff Vesta Corporation. C. Moran Supp. Decl. at ¶¶ 6, 10. The "Order Form" was addressed to defendant Vesta Management. *Id.* at ¶ 9.

Defendant Vesta Management cannot simply ignore the instances of actual confusion in the record. Not only have industry vendors, which are more likely than a consumer to be aware of the difference between plaintiff Vesta Corporation and defendant Vesta Management due to their participation in the industry, continually confused plaintiff

Vesta Corporation and defendant Vesta Management and not only have consumer renters confused the two companies, but defendant Vesta Management and its agents have confused the two companies by providing plaintiff Vesta Corporation's phone number to one of defendant Vesta Management's residents and advertising two of plaintiff Vesta Corporation's properties on defendant Vesta Management's own website, all due to defendant Vesta Management's unauthorized use of the VESTA mark.

The evidence in the record cannot possibly support defendant Vesta Management's position that there have been no instances of actual confusion.

### H.      Degree of Care Exercised by Potential Purchasers

Defendant Vesta Management has not presented any evidence to support its position that consumers of the services provided by plaintiff Vesta Corporation and defendant Vesta Management are likely to exercise the degree of care necessary to discern the difference between the two entities.  The evidence in the record shows that certain consumers, in fact, have not exercised the degree of care necessary to discern the difference between the two entities and have actually been confused.  *See* Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27] at 17–18 and evidence cited therein.

Here, because defendant Vesta Management is using the exact same mark as plaintiff Vesta Corporation's incontestable VESTA mark, a likelihood of infringement is presumed.  *Choice Hotels Int'l*, 940 F. Supp. 2d at 540.  Weighing the digits discussed above and the sparse evidence relied on by defendant Vesta Management, defendant Vesta Management has failed to demonstrate that the undisputed material facts in the record overcome that presumption.  In fact, contrary to defendant Vesta Management's position, the undisputed facts support a finding of a likelihood of confusion.  *See* Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27] at 12–19.

**IV.** **Plaintiff Vesta Corporation is Entitled to Relief under Tex. Bus. & Comm. Code § 16.102 Because Its VESTA Mark is Federally Registered**

Defendant Vesta Management argues that plaintiff Vesta Corporation cannot seek relief under Tex. Bus. & Comm. Code § 16.102 because the VESTA mark is not registered in Texas. Plaintiff Vesta Corporation does not dispute that it has not registered the VESTA mark in Texas, but contends that defendant Vesta Management's narrow construction of Tex. Bus. & Comm. Code § 16.102 is improper and contrary to federal precedent, in which the United States District Court for the Western District of Texas has awarded summary judgment for violation of the predecessor statute of Tex. Bus. & Comm. Code § 16.102 to a party owning only federal trademarks. Moreover, defendant Vesta Management's argument that plaintiff Vesta Corporation had "abandoned its mark in Texas" grossly misconstrues federal trademark law and ignores the fact plaintiff Vesta Corporation has continuously used the VESTA mark in interstate commerce since 1998.

**A.** **Registration of a Federally Registered Mark Entitles Owner to Relief**

In *Philip Morris USA Inc. v. Lee*, 549 F. Supp. 2d 839 (W.D. Tex. 2008), the plaintiff brought several claims, including trademark infringement in violation of 15 U.S.C. § 1114(1) and Tex. Bus. & Comm. Code § 16.26, the predecessor statute to Tex. Bus. & Comm. Code § 16.102. These claims were based on the defendants' infringement of plaintiff's MARLBORO work mark and the "Marlboro Roof Design Label" mark. *Id.* at 844. Both of the marks at issue were registered with the United States Patent and Trademark Office as well as with the Secretary of the Treasury and U.S. Bureau of Customs and Border Protection but were not registered with the state of Texas. *See* Pl. Philip Morris USA Inc.'s Second Am. Compl. at ¶¶ 7–8, No. 3:05-cv-00490-PRM, Dkt. 70-1 (W.D. Tex. Aug. 14, 2006), attached hereto as **Exhibit 9**. The record in that case is devoid of any evidence that the marks at issue were registered in Texas.

The District Court for the Western District of Texas stated that "[t]he elements of trademark infringement under Texas law are identical to those under the Lanham Act."

*Philip Morris USA Inc.*, 549 F. Supp. 2d at 847 n.6.  The court held that its analysis of the Lanham Act trademark infringement claim similarly applied to the trademark infringement claim pursuant to Tex. Bus. & Comm. Code § 16.26 and granted the plaintiff's motion for summary judgment on its claim pursuant to Tex. Bus. & Comm. Code § 16.26 despite the fact that the plaintiff did not have a "mark registered under" that chapter.  *See id.* at 847–49, 856.

Similar to the *Philip Morris* case, plaintiff Vesta Corporation does not have a mark registered pursuant to the Tex. Bus. & Comm. Code.  However, federal precedent clearly shows that courts may hold that a federally registered mark is a mark "registered under this chapter" for purposes of Tex. Bus. & Comm. Code § 16.102 and defendant Vesta Management's reading of the phrase "registered under this chapter" is too literal.  Accordingly, defendant Vesta Management is not entitled to summary judgment as a matter of law despite there being no undisputed material facts with regard to the registration of the VESTA mark.

### B.    Plaintiff Vesta Corporation Did Not Abandon Its VESTA Mark

Defendant Vesta Management argues that, because plaintiff Vesta Corporation did not use its VESTA mark in Texas from 2006 through 2015, it abandoned the mark and cannot maintain an action for infringement of the VESTA mark against defendant Vesta Management.  Defendant Vesta Management misconstrues the law of abandonment.

Pursuant to 15 U.S.C. § 1127, "[a] mark shall be deemed to be 'abandoned' if  . . . its use has been discontinued with intent not to resume such use.  Intent not to resume may be inferred from circumstances.  Nonuse for 3 consecutive years shall be prima facie evidence of abandonment.  'Use' of a mark means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark."

The undisputed evidence in the record proves that plaintiff Vesta Corporation has used its VESTA mark continuously since 1998.  Ex. 2 to Pl.'s Mem. of Law in Support of

Mot. for Summ. J. [Dkt. 27-2] at ¶ 8. The mark has, at various times since 1998, been used in Connecticut, Indiana, New Jersey, Ohio, Texas, and Washington, D.C. J. Greenblatt Supp. Decl. at ¶ 7. The mark is used on plaintiff Vesta Corporation's letterhead, print and electronic advertising, including its website, signs at its properties, site-based staff uniforms, and trade shows. *See* J. Greenblatt Dep. Tr. at 31:18–24; A. McLaughlin Dep. Tr. at 18:5–19:9. Plaintiff Vesta Corporation has not abandoned its VESTA mark as a matter of law.

Insofar as defendant Vesta Management argues that a registered owner's right in a mark can be abandoned on a state by state basis, its argument finds no support in law. "15 U.S.C.A. § 1127, which provides for abandonment in certain cases of non-use, applies only when the registrant fails to use his mark, within the meaning of § 1127, **anywhere in the nation**. Since the Lanham Act affords a registrant nationwide protection, a contrary holding would create an insoluble problem of measuring the geographical extent of the abandonment." *Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358, 363 (2d Cir. 1959) (emphasis added). In the event that the owner of a registered mark does not do business in a certain area, "a court will enjoin use by petitioner if the registrant decides to expand its business into that area." *Coach House Rest., Inc. v. Coach & Six Rests., Inc.*, 934 F.2d 1551, 1562 (11th Cir. 1991).

In this case, plaintiff Vesta Corporation used its VESTA mark in Texas from 1998 until 2006. Ex. 1 to Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27-1] at ¶ 7. It then purchased the Park at Woodland Springs in January 2015, and began using the VESTA mark in Texas again at that time. *Id.* at 8. It is immaterial that defendant Vesta Management commenced doing business in Texas during the interim period. A federal trademark provides to its owner the right to exclusive use of the mark in the territories it does business. *See* 15 U.S.C. § 1057 (certificate of registration prima facie evidence of exclusive right to use mark). Plaintiff Vesta Corporation has not abandoned its mark, and defendant Vesta Management has no right to use the VESTA mark in Texas, where plaintiff

Vesta Corporation owns and manages 9 properties throughout Texas and is in the process of acquiring additional properties. *See* Plaintiff Vesta Corporation's Third Supplemental Response to Defendant Vesta Management Services, LLC's First Set of Interrogatories (**Exhibit 10**); J. Greenblatt Dep. Tr. at 12:25:13–22.

## V.     Defendant Vesta Management's Use of Plaintiff Vesta Corporation's VESTA Mark Infringes Plaintiff Vesta Corporation's Registered VESTA Mark

Defendant Vesta Management's final argument is that it does not infringe plaintiff Vesta Corporation's VESTA mark because it provides "apartment house management" rather than "residential real estate management services." Def.'s Mot. for Summ. J. [Dkt. 28] at 23–24. This argument is again contrary to the evidence in the record, including defendant Vesta Management's own admission on its website, and the established precedent of this Circuit.

As an initial matter, although defendant Vesta Management asserts that it is a member of the "apartment house management" industry and not the "residential real estate management services" industry, it provides absolutely no evidence to support its position. Its argument necessarily fails on summary judgment on that basis alone. Notwithstanding that fact, however, defendant Vesta Management also conveniently ignores the statement on its own website that "Vesta provides a full range of professional **real estate management services**, including property management, construction and renovation, asset acquisition and syndication, accounting and professional education." J. Greenblatt Supp. Decl. at Ex. B (emphasis added). Not only is this statement an example of defendant Vesta Management confusingly referring to itself only as "Vesta," but it is also an admission that it holds itself out as a participant in the "real estate management services" industry. *See, e.g., Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1109 (D. Or. 2000) ("[T]he contents of the website are not hearsay for purposes of [a] summary

judgment motion. Furthermore, the representations made by [a defendant] on [its] website are admissible as admissions of the party-opponent under [Fed. R. Evid.] 801(d)(2)(A).").

Moreover, this Circuit has held that "[t]he remedies of an owner of a registered trade-mark, however, are not limited to the goods specified in the certificate but extend to any goods on which the use of an infringing mark is likely to cause confusion . . . ." *Pure Foods v. Minute Maid Corp.*, 214 F.2d 792, 796 (5th Cir. 1954). "The sole purpose of a classification of goods . . . is for internal administration within the PTO. The class to which a product may be assigned does not limit or extend the registrant's rights and has no bearing on likelihood of confusion." *Malarkey-Taylor Assocs., Inc. v. Cellular Telecomms. Indus. Ass'n*, 929 F. Supp. 473, 476 (D.D.C. 1996). Here, the evidence is clear that a likelihood of confusion exists and confusion has actually occurred regardless of how defendant Vesta Management chooses to classify the services it provides. *See* Pl.'s Mem. of Law in Support of Mot. for Summ. J. [Dkt. 27] at 12–19; *infra* 15–17.

Consequently, defendant Vesta Management cannot prevail as a matter of law on its argument that it does not infringe plaintiff Vesta Corporation's VESTA mark due to its classification.

## <u>CONCLUSION</u>

Defendant Vesta Management has provided to this Court sparse evidence to support its Motion for Summary Judgment and has ignored relevant portions of the record in order to support its arguments. As plaintiff Vesta Corporation has explained above, not only has defendant Vesta Management failed to demonstrate that the undisputed material facts entitle it to judgment as a matter of law, but, in fact, plaintiff Vesta Corporation is entitled to summary judgment on its claims, as set forth more fully in its Memorandum of Law in Support of Its Motion for Summary Judgment [Dkt. 27].

Dated: November 13, 2015

PLAINTIFF,
VESTA CORPORATION

By:_____

Ethan G. Gibson
Email: egibson@fulkersonlotz.com
State Bar No. 24073131
Federal I.D. No. 1145802
FULKERSON LOTZ LLP
4511 Yoakum Blvd., Suite 200
Houston, TX 77006-5821
Telephone: 713.654.5888
Facsimile: 713.654.5801

ATTORNEY-IN-CHARGE FOR PLAINTIFF
VESTA CORPORATION

OF COUNSEL:
Richard S. Order
Email: rorder@uks.com
Federal I.D. No. ct02761
Adam B. Marks
Email: amarks@uks.com
Federal I.D. No. ct28787
Christopher A. Klepps
Email: cklepps@uks.com
Federal I.D. No. ct29463
UPDIKE, KELLY & SPELLACY, P.C.
100 Pearl Street
P.O. Box 231277
Hartford, CT 06123-1277
Telephone: 860.548.2600
Facsimile: 860.548.2680


Thomas M. Fulkerson
Email: tfulkerson@fulkersonlotz.com
State Bar No. 07513500
Federal I.D. No. 774
FULKERSON LOTZ LLP
4511 Yoakum Blvd., Suite 200
Houston, TX 77006-5821
Telephone: 713.654.5888
Facsimile: 713.654.5801

## CERTIFICATE OF SERVICE

The undersigned certifies a true and correct copy of the foregoing was electronically

filed on November 13, 2015, with the Clerk of Court using the CM/ECF system which will

send notification of such filing to the following:


A. Scot Chase
Email:  schase@donatominxbrown.com
State Bar No. 04148550
Federal I.D. No. 9915
DONATO, MINX, BROWN & POOL, P.C.
3200 Southwest Freeway, Suite 2310
Houston, Texas 77207
Telephone:  713.877.1112
Facsimile:  713.877.1138

By:_____
        Ethan G. Gibson
        Federal I.D. No. 1145802
        FULKERSON LOTZ LLP