**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **VESTA CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL NO. 4:15-cv-00719** |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § | **INJUNCTION REQUESTED** |
| | § | |
| **VESTA MANAGEMENT SERVICES,** | § | |
| **LLC,** | § | |
| | § | |
| **Defendant** | § | |
| | § | |

---

**DEFENDANT VESTA MANAGEMENT SERVICES, LLC'S
RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

TO THE HONORABLE COURT:

DEFENDANT VESTA MANAGEMENT SERVICES, LLC ("Vesta Management Services"), Defendant in the above-styled and numbered cause, submits its Response to Plaintiff Vesta Corporation's Motion for Summary Judgment. Defendant requests the court deny Plaintiff's Motion for Summary Judgment in the above numbered cause, and would respectfully show the Court as follows:

# TABLE OF CONTENTS

Table of Authorities...................................................................................... 3

Summary Judgment Evidence ...................................................................... 4

I. Procedural History ..................................................................................... 4

II. Summary of the Argument....................................................................... 4

III. Arguments and Authorities ..................................................................... 5

    A. There is no Likelihood of Confusion due to Vesta Management's use of the term Vesta. ....................................................................................... 5

        *1.  Plaintiff's VESTA Mark is not a strong mark. .................................  6*

        *2.  Plaintiff and Defendant's Marks are not similar. ............................. 7*

        *3.  Plaintiff and Vesta Management provide different products. ......... 8*

        *4.  Both parties target different groups of consumers. ........................ 9*

        *5.  Vesta Management Services does not use similar advertising media as Plaintiff........................................................................ 10*

    *6.  Defendant had no intent to copy Plaintiff's mark. .................................... 11*

    *7.   Defendant's use of VESTA has not created actual confusion for Plaintiff's potential customers. ....................................................... 11*

    B. Defendant has several affirmative defenses available for its use of the termVESTA. ........................................................................................... 14

    *1. The mark VESTA is Generic. ................................................................. 14*

    *2. Plaintiff's claim is barred by Laches. ....................................................... 14*

    *3. Plaintiff and Vesta Management Services are not competitors.............. 15*

    C. This Court Should NOT Enjoin Vesta Management Services from using the Mark VESTA. ................................................................................. 16

    D.  Plaintiff is not entitled to an award of Attorney's Fees in this lawsuit... 17

Conclusion ....................................................................................................... 18

# TABLE OF AUTHORITIES

## CASES

*Abraham v. Alpha Chi Omega,* 708 F.3d 614 (5th Cir. 2013) ......................................... 16

*Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321 (5th Cir. 2008) ....................... 5

*Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252 (5th Cir. 1980). ............................. 6

*Citizens Nat. Bank of Meridian v. Citizens Bank of Philadelphia Mississippi*, 35 Fed. Appx. 391 (5th Cir. 2002). ............................................................................... 8, 12, 13

*eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006). ................................................ 16

*Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188 (5th Cir. 1998). ............... 12, 15

*First Keystone Fed. Sav. Bank v. First Keystone Mortgage, Inc.*, 923 F.Supp. 693 (E.D. Pa. 1996) ........................................................................................................... 12

*Lang v. Ret. Living Publ'g Co., Inc.*, 949 F.2d 576 (2d Cir. 1991). ................................ 12

*National Bus. Forms & Printing, Inc. v. Ford Motor Co.,* 671 F.3d 526 (5th Cir. 2012). 17

*Roto-Rooter Corporation v. O'Neal*, 513 F.2d 44 (5th Cir. 1975). ................................. 12

*Sun Banks of Florida, Inc. v. Sun Fed. Sav. & Loan Ass'n*, 651 F.2d 311 (5th Cir. 1981). .................................................................................................................... passim

*Union Nat. Bank of Texas, Laredo, Tex. v. Union Nat. Bank of Texas, Austin, Tex.*, 909 F.2d 839 (5th Cir. 1990). ............................................................................................ 6

*World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F.2d 482 (5th Cir. 1971). 12

## STATUTES

Title 15, United States Code, Section 1117(a) ....................................................... 17, 19

## SUMMARY JUDGMENT EVIDENCE

Exhibit "A":   Greenblatt Deposition, Oct. 8, 2015.

Exhibit "B":   Texas Secretary of State Entity Name Search.

Exhibit "C":   Pl. Vesta Corporation's Third Supp. Resp. to Def.'s Interrog.

Exhibit "D":   Affidavit of Laura Krupala.

Exhibit "E":   Ellipse Communications Emails.

## I. PROCEDURAL HISTORY

1.  Plaintiff Vesta Corporation filed its Original Complaint on March 18, 2015. R. Doc. 1. Defendant Vesta Management Services filed its Answer on April 16, 2015. R. Doc. 16. Plaintiff Vesta Corporation filed its Motion for Summary Judgment and the supporting brief on October 23, 2015. R. Docs. 26, 27.

2.  Defendant Vesta Management Services now timely files its Response to Plaintiff's Motion for Summary Judgment.

## II. SUMMARY OF THE ARGUMENT

3.  Plaintiff's Motion for Summary Judgment failed to establish that Defendant's use of the mark VESTA creates a likelihood of confusion for consumers. Instead, Plaintiff's Motion for Summary Judgment makes blanket assertions that are unsupported by evidence, and failed to prove any confusion will occur from Vesta Management's continued use of the mark VESTA.

4.  Furthermore, Plaintiff argues this lawsuit is an exceptional case that warrants an award of attorney's fees if Plaintiff is successful prosecuting this lawsuit. This assertion is not established by law, and Plaintiff should not be awarded attorney's fees accordingly. Therefore, this Court should deny Plaintiff's Motion for Summary

Judgment, and should not enjoin Vesta Management from its continued use of the mark VESTA.

### III. ARGUMENTS AND AUTHORITIES

**A.    There is no Likelihood of Confusion due to Vesta Management's use of the term Vesta.**

5.    In Plaintiff's Motion for Summary Judgment, Plaintiff argues that Defendant Vesta Management's use of the VESTA mark creates confusion. *See* Pl.'s Memo. Mot. for Summ. J., R. Doc. 27, p. 12—18. Plaintiff posits that because of Vesta Management's use of the term VESTA, consumers and vendors have mistaken Plaintiff and Defendant's businesses, and thereby became confused. However, Plaintiff does not provide a single example where one of Plaintiff's potential consumers has become confused because of Vesta Management's use of the term. Instead, Plaintiff has misinterpreted the factors delineated by this Court to determine if a likelihood of confusion exists. Plaintiff's misinterpretation not only illustrates why Vesta Management's use of the term VESTA is not confusing, but also why Vesta Management's use is permissive.

6.    The factors this Court uses to determine if a likelihood of confusion exists are: (1) the strength of plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers. *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008). Plaintiff's Motion for Summary Judgment asserts that a consideration of these factors weighs heavily in its favor. However, an application of the facts of this case to these factors clearly shows Vesta Management's use of the

term VESTA does not create a likelihood of confusion, and this Court should therefore not enjoin its use of the term.

### 1.   Plaintiff's VESTA Mark is not a strong mark.

7.     Plaintiff argues its VESTA mark is an arbitrary, fanciful or suggestive mark; a classification that would strengthen its mark. *See* Plaintiff's Motion for Summary Judgment at 18–19. However, Plaintiff's mark is not an arbitrary, fanciful or suggestive mark.

8.     A starting place for the analysis of a word mark is the dictionary definition. *Union Nat. Bank of Texas, Laredo, Tex. v. Union Nat. Bank of Texas, Austin, Tex.*, 909 F.2d 839, 847 (5th Cir. 1990). Fanciful terms are those that are coined and have no independent meaning. *See Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 260 (5th Cir. 1980).

9.     Merriam-Webster defines "vesta" as "the Roman Goddess of the hearth." *See*  http://www.merriam-webster.com/dictionary/vesta.  Plaintiff Vesta Corporation's Vice President, Joshua Greenblatt, confirmed that their word mark "vesta" means "the Roman goddess of the hearth and home. *See* Greenblatt Dep. 59:22–23, Oct. 8, 2015, attached as Exhibit A. Therefore, it is clear that Plaintiff did not coin the term VESTA, and that the term VESTA has independent meaning. Accordingly, the term VESTA is not fictitious, arbitrary, or fanciful, and Plaintiff's argument fails. *See Domino's Pizza, Inc.* 615 F.2d at 260.

10.     This Court has determined before that a large number of businesses registering the same term is "impressive evidence that there would be no likelihood of confusion." *See Sun Banks of Florida, Inc. v. Sun Federal Sav. And Loan Ass'n*, 651

F.2d 311, 316 (5th Cir. 1981) (holding that the fact that a large number of business registered with the Florida Secretary of State the word "Sun" was evidence there was not a likelihood of confusion.).  Additionally, a trademark that is merely suggestive has been determined before to be a relatively weak trademark. *Id.* at 315.

11.     The term VESTA is widely used by companies in many areas of the real estate industry. A simple search of VESTA with the Texas Secretary of State reveals fifty-four (54) business organizations registered with the state with VESTA in the name. *See* Texas Secretary of State Entity Name Search, attached as Exhibit B. At least six of these vesta-entities appear to be related to real estate: Vesta Properties, LLC; Vesta Land Management, L.P.; Vesta Community Development, LLC; Vesta Management Services, LLC (Defendant); Vesta Real Estate the Woodlands LLC; and Vesta's EP Property LLC. *See* Exhibit B.

12.     Using this Court's reasoning in *Sun Banks*, the fact that several Texas companies engaged in real estate business have registered names with the term VESTA indicates a low likelihood of any confusion. Additionally, since Plaintiff's mark can only be determined to be suggestive at most, the mark is very weak. Accordingly, contrary to the argument in Plaintiff's Motion for Summary Judgment, Plaintiff's VESTA mark is weak. Therefore, the weakness of the mark is a direct indicator there is not a likelihood of confusion with Defendant's use of the VESTA mark.

### 2.     *Plaintiff and Defendant's Marks are not similar.*

13.     Plaintiff's Motion for Summary Judgment conjects that Plaintiff and Defendant's use of the mark Vesta is similar. *See* Pl.'s Memo. Mot. for Summ. J., R. Doc. 27, p. 14. Plaintiff's entire argument is rooted solely in the fact that Plaintiff and Defendant both use the word VESTA in their names. Moreover, Plaintiff contends their

argument is based solely on the companies' use of the word VESTA, and any examination in to the companies' corporate logos is irrelevant.

14.     However, as this Court has held, countervailing circumstances, such as a weak mark and distinguishable logos, lessen any impact of actual confusion. *Citizens Nat. Bank of Merridan v. Citizens Bank of Philadelphia Mississippi*, 35 Fed. Appx. 391 (5th Cir 2002) citing *Sun Banks*, 651 F.2d at 319. An examination of Plaintiff and Vesta Management Services' logos shows the logos to be easily distinguishable, and the total effects of the two logos to be completely different. In fact, the only similarity at all between the two logos' appearance is the inclusion of the word VESTA. This is proven by a simple examination of the logos below:



Plaintiff Vesta Corporation's Logo          Defendant Vesta
                                           Management Services' Logo

### 3.     *Plaintiff and Vesta Management provide different products.*

15.     Dissimilarities between the service facilities for the predominant consumers of Plaintiff's and Defendant's services lessen the possibility of confusion, mistake or deception. *Sun Banks*, 651 F.2d at 318.

16.     As Plaintiff mentions in its Memorandum of Law in Support of Its Motion for Summary Judgment, both Plaintiff and Vesta Management Services provide multifamily residential services. *See See* Pl.'s Memo. Mot. for Summ. J., R. Doc. 27, p. 15. However, Plaintiff fails to mention in its motion that the word VESTA is not included in a single property owned or managed by Plaintiff in Texas. *See* Pl. Vesta Corporation's Third Supp. Resp. to Def.'s Interrog., attached as Exhibit C. Similarly, the

word VESTA is not used in the name of any of the Defendant Vesta Management Services' properties.

17.    Therefore, given the aforementioned considerations, there is little to no likelihood that a consumer would mistake the parties' products for each other, and thereby enter into a rental agreement with the Defendant accidentally instead of the Plaintiff. Accordingly, the lack of similarity in the parties' products weighs in favor of Defendant Vesta Management Services, and provides evidence that Defendant's use of VESTA is not confusing.

### 4.    Both parties target different groups of consumers.

18.    Plaintiff asserts that it targets the same consumers as Defendant Vesta Management. *See* Pl.'s Memo. Mot. for Summ. J., R. Doc. 27, p. 15. This is simply not the case. Plaintiff and Vesta Management provide housing for completely different groups of consumers. Plaintiff Vesta Corporation operates "affordable housing", meaning it rents to consumers with incomes below 100% the area's median income. *See* Exhibit A at 14:03–18. Defendant Vesta Management does not operate low-income housing. In fact, Vesta Management operates exclusively in the in the Market Priced Multifamly Community industry. *See* Affidavit of Laura Krupala, attached as Exhibit D. The Market Priced Multifamily Community industry is a different industry than the Affordable Housing Industry. *See* Exhibit D.

19.    Accordingly, the parties' targeted groups of consumers do not overlap, and the business models behind the two companies make a scenario where a consumer would attempt to lease with Defendant accidently instead of Plaintiff impossible. The separate identities of retail purchasers between the two groups provide further evidence that Defendant's use of the word VESTA is not confusing.

**5.** **Vesta Management Services does not use similar advertising media as Plaintiff.**

20.     In Plaintiff's Motion for Summary Judgment, Plaintiff states that Vesta Management has somehow attempted to advertise Plaintiff's services on its website. *See, e.g.*, *See* Pl.'s Memo. Mot. for Summ. J., R. Doc. 27, p. 15. This assertion embellishes a simple mistake made by the webhosting company that Plaintiff and Vesta Management concurrently use. This mistake in no way shows Plaintiff and Vesta Management engage in similar advertising techniques.

21.     Coincidentally, Plaintiff and Vesta Management use the same webhosting company—Ellipse Communications. Emails produced by the webhosting company show that the web hosting company erred by accidently listing two of Plaintiff's affordable housing communities on Vesta Management's website. *See* Emails Produced by Ellipse Communications, attached hereto as Exhibit E. These emails demonstrate that Vesta Management did not intentionally place Vesta Corporation's properties on its website. Furthermore, Plaintiff cannot provide any evidence that a single potential customer noticed the minimal mistake, and that this mistake led to any lost business whatsoever.

22.     Despite Plaintiff's best efforts to embellish a minimal mistake, Plaintiff has not provided any evidence Vesta Management's use of the mark VESTA is a similar advertising method to Plaintiff. Accordingly, the lack of similarity in advertising media used by the parties is further evidence that Vesta Management Services use of the word VESTA is not confusing.

### 6.   Defendant had no intent to copy Plaintiff's mark.

23.   In Plaintiff's Memorandum in Support of its Motion for Summary Judgment, Plaintiff argues the intent factor does not weigh in favor of either party, making the factor neutral. *See* Pl.'s Memo. Mot. for Summ. J., R. Doc. 27, p. 16. This argument lacks legal reasoning, and in fact proves that Defendant had no intent to copy Plaintiffs mark. This lack of intent weighs heavily in favor of Vesta Management.

24.   "That a latecomer adopts another's name or mark, deliberately seeking to capitalize on the other's reputation and benefit from the confusion, is an important factor for any court." *Sun Banks*, 651 F.2d at 318–20. Note the relevant intent is the **deliberate capitalization** on the other's reputation. *Id* (emphasis added). Defendant did not even know of the existence of Plaintiff's mark until Plaintiff's counsel contacted Defendant in January 2015. *See* Exhibit D. There is no evidence suggesting Vesta Management Services deliberately capitalized on Plaintiff's reputation.

25.   Vesta Management Services had no intent to copy Plaintiff's mark. Plaintiff's own argument that the intent factor is neutral in this case is further evidence that Vesta Management had no intent to copy Plaintiff's mark. Accordingly, Defendant's lack of intent is further evidence that there is no confusion created by Defendant's use of the word VESTA.

### 7.   Defendant's use of VESTA has not created actual confusion for Plaintiff's potential customers.

26.   Plaintiff argues Defendant's use of the word VESTA has somehow created actual confusion for Plaintiff's consumers. *See* Pl.'s Memo. Mot. for Summ. J., R. Doc. 27, p. 17. However, Plaintiff has only presented three isolated examples of Defendant's customers accidentally contacting Plaintiff. Plaintiff's other attempt to prove actual

confusion delineate mistakes made by vendors and collection agencies, not actual confusion on behalf of Plaintiff's potential consumers. In other words, Plaintiff has not posited a single example in which one of Plaintiff's potential customers has actually become confused to the point of attempting to do business with Defendant Vesta Management.

27.     "Actual confusion" occurs when the "deceived customer buys the infringer's product in the belief that it originates with the trademark owner or that it is in some way affiliated with the owner." *Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 202 (5th Cir. 1998). There is a casual element to an "actual confusion" claim; the confusion must result from the defendant's use of a mark that is similar to the plaintiff's. *See World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F.2d 482, 487 (5th Cir. 1971).

28.     Additionally "the relevant inquiry is whether use of the mark produces confusion in **potential customers**." *See Citizens Nat. Bank of Meridian*, 35 Fed. Appx. at 391 citing *Roto-Rooter Corporation v. O'Neal*, 513 F.2d 44, 46 (5th Cir. 1975). (considering testimony of persons who had mistakenly employed defendants although intending to use plaintiffs); *Lang v. Ret. Living Publ'g Co., Inc.,* 949 F.2d 576, 583 (2d Cir. 1991) (rejecting evidence of confusion unrelated to selling of goods and services in question); *First Keystone Fed. Sav. Bank v. First Keystone Mortgage, Inc.,* 923 F.Supp. 693, 705 (E.D. Pa.1996) ("Generalized confusion is not what courts look to, but rather, evidence of confusion in mistaken purchasing decisions.") (emphasis added).

29.     In *Citizens National Bank of Meridian*, the plaintiff provided a "confusion log" with what it alleged were two hundred examples of confusion. *See Citizens Nat.*

*Bank of Meridian*, 35 Fed. Appx. 391 at *2. "[T]he majority of instances catalogued by [Plaintiff] [were] customers attempting to cash checks drawn on [Defendant], and misdirected mail and phone calls." *Id.* Because these were mistakes made by existing or non-customers, and not potential customers, the Fifth Circuit discounted the plaintiff's "confusion log." *Id. See also Sun Banks*, 651 F.2d at 319 ("Although the record contains several isolated instances of uncertainty whether there was a connection between the two businesses, in light of the number of transactions conducted and the extent of the parties' advertising, the amount of past confusion is negligible.").

30.     Plaintiff Vesta Corporation's allegations of "actual confusion" include misdirected emails, phone calls, and vendors. *See* Declaration of Joshua Greenblatt, R. Doc. 4-1, ¶¶ 16–20, attached hereto as Exhibit F. In fact, the only potential consumers that Plaintiff can show experienced confusion were three isolated examples of Defendant's own consumers accidently contacting Plaintiff due to a clerical error made by Defendant's web hosting company. Plaintiff has not shown a single example where one of Plaintiff's potential consumers has become confused in to contracting with Defendant, because no such instance exists. Accordingly, Plaintiff has failed to show actual confusion has occurred, and this factor weighs in favor finding Defendant's use of VESTA does not create confusion.

31.     Defendant Vesta Management can establish each of the factors this court considers in determining whether the usage of a protected mark creates confusion. Defendant Vesta Management's use of the term VESTA does not create confusion because (1) VESTA is not a strong mark; (2) Plaintiff and Defendant's marks are not similar; (3) Plaintiff and Defendant do not provide similar products; (4) Plaintiff and

Defendant target different consumers; (5) Plaintiff and Defendant do not provide similar advertising; (6) Defendant had no intent to copy Plaintiff's mark; and (7) Defendant's use of the mark VESTA has not created actual confusion for Plaintiff's potential customers. Given the aforementioned considerations, Plaintiff cannot show that Defendant's use of the term VESTA has created confusion. Accordingly, this Court should not enjoin Defendant Vesta Management Service's use of the term VESTA.

**B.    Defendant has several affirmative defenses available for its use of the term VESTA.**

32.    In Plaintiff's Motion for Summary Judgment, Plaintiff argues that three of Defendant's affirmative defenses are not applicable. Plaintiff specifically argues: (1) the mark VESTA is not generic; (2) laches do not apply to Plaintiff's claim; and (3) Plaintiff and Defendant Vesta Management are competitors. Each of these statements are incorrect, and each misapplies the facts of this case to the law. Accordingly, Defendant can establish the affirmative defenses that: (1) the mark VESTA is generic; (2) Plaintiff's claim is barred by laches; and (3) Plaintiff and Defendant do not compete against each other in any capacity.

### 1.    The mark VESTA is Generic.

33.    As already discussed in this Response, Plaintiff has attempted to establish that VESTA is somehow an arbitrary or fanciful term. This is not the case. In fact, Plaintiff's term—as noted by the numerous other real estate entities that use the word VESTA in their name—is a generic term.

### 2.    Plaintiff's claim is barred by Laches.

34.    Plaintiff asserts that its claim is not barred by laches because Plaintiff did not discover Vesta Management Services use of the term until September 2014. Laches

is commonly defined as an inexcusable delay that results in prejudice of the defendant. *Capece*, 141 F.3d at 205. A defense of laches is available if: (1) delay in asserting a right or claim; (2) that the delay was inexcusable; and (3) that undue prejudice resulted from the delay. *Id.*

35.     Given the facts of this case, Plaintiff is not entitled to maintain an action for an accounting for profits and for damages for infringement of its service mark containing the word Vesta as it has not used reasonable diligence in seeking relief. Vesta Management Service's use of the word Vesta has been in open, continuous, and extensive use by Vesta Management Services for more than three years prior to the filing of this action. Until now, Plaintiff has made no attempt to obtain a judicial determination of its alleged rights in respect to use by Vesta Management Services of the mark now complained of. Vesta Management Services has relied on Plaintiff's acquiescence and delay, continuing to use its distinct logo for years, and investing substantial sums in reliance thereon. Given this unreasonable delay, Plaintiff's claim is therefore barred by laches. Accordingly, Vesta Management Services has established the affirmative defense of laches.

### 3.     *Plaintiff and Vesta Management Services are not competitors.*

36.     As already discussed earlier in this Response, while Plaintiff and Vesta Management Services both are engaged in the business of managing multifamily housing, the two parties target completely different consumers. Plaintiff seeks to provide affordable, low-end housing, while Defendant manages properties in the Market Priced Multifamly Community industry. The properties that are managed by Vesta Management Services, LLC are from a specific group of InterCapital Group, LLC

investors. *See* Exhibit D. Accordingly, it cannot be determined that the two parties are in any way competitors.

**C.     This Court Should NOT Enjoin Vesta Management Services from using the Mark VESTA.**

37.     Plaintiff asks this Court to enjoin Vesta Management from using the mark VESTA. However, Plaintiff has not met its burden of proof, and has failed to show any harm it has suffered from Vesta Management's use of the term VESTA.

38.     A party seeking a permanent injunction must demonstrate (1) irreparable injury; (2) the remedies available at law are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy at equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Plaintiff's entire argument for an injunction rests upon the theory that injury may be presumed if a party is capable of showing a likelihood of confusion. *See Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013). However, this argument fails because as already mentioned, there is no likelihood of confusion from Defendant Vesta Management Service's use of the mark VESTA.

39.     Furthermore, Plaintiff is unable to posit any singular example where one of Plaintiff's own potential customers has confused its business with Vesta Management Service's. Instead, Plaintiff makes overbroad statements that are completely unsupported by evidence, such as "Plaintiff Vesta Corporation has experienced several instances of actual confusion . . . " *See* Pl.'s Memo. Mot. for Summ. J., R. Doc. 27, p. 27. These overbroad generalizations are not substantiated by any proof because, to

date, there have been no instances where Plaintiff's potential customers have been confused by Defendant's use of the mark.

40.     Accordingly, Plaintiff has not only failed to show any actual confusion, Plaintiff has failed to show that there is even the slightest possibility of confusion. Therefore, Plaintiff has not met its burden of proof, and this Court should not enjoin Vesta Management Service's use of the mark VESTA.

**D.     Plaintiff is not entitled to an award of Attorney's Fees in this lawsuit.**

41.     Plaintiff contends it is entitled to an award of attorney's fees in this lawsuit. To support its claim for attorney's fees, Plaintiff asserts that Defendant Vesta Management has willfully infringed on Plaintiff's use of the mark because Defendant continued to use the mark after Plaintiff delivered a cease and desist letter to Defendant. However, this assertion misstates the law because a party's continued use of the mark after the cease and desist letter was in no way a willful infringement.

42.     The Lanham Act only authorizes a court to award attorney's fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). To qualify as an exceptional case the defendant's infringement must be malicious, fraudulent, deliberate, or willful, or there must be a finding of bad faith. *National Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 537 (5th Cir. 2012). However, the fact that a party failed to comply with a cease and desist letter alone does not establish a willful infringement; even if the party is later shown to have actually infringed. *Id.* at 538. The relevant inquiry to determine whether a party has willfully infringed, is whether the party had a subjective belief that it was in fact in guilty of trademark infringement when it continued to use the mark after receiving the cease and desist letter. *Id.*

43.     When Defendant Vesta Management Services received the cease and desist letter it had the same subjective belief that it presently maintains, that it has in no way infringed on Plaintiff's mark. *See* Exhibit E. Therefore, Defendant's continuing use of the mark after receiving Plaintiff's cease and desist letter is not evidence of a willful infringement, because Defendant had no subjective belief that it was in fact guilty of infringement. Accordingly, Plaintiff has failed to meet its burden of proof that this is an exceptional case worthy of awarding attorney's fees, and Plaintiff should not be awarded attorney's fees for its prosecution of this lawsuit.

## CONCLUSION

Plaintiff has attempted to show Defendant's use of the mark VESTA has created a likelihood of confusion for potential customers. However, after considering the relevant factors indicating a likelihood of confusion it can be determined that: (1) VESTA is not a strong mark; (2) Plaintiff and Defendant's marks are not similar; (3) Plaintiff and Defendant do not provide similar products; (4) Plaintiff and Defendant target different consumers; (5) Plaintiff and Defendant do not provide similar advertising; (6) Defendant had no intent to copy Plaintiff's mark; and (7) Defendant's use of the mark VESTA has not created actual confusion for Plaintiff's potential customers. Accordingly, Defendant Vesta Management Services use of the mark VESTA has not created a likelihood of confusion.

Additionally, Defendant has shown that it can establish three separate affirmative defenses in this lawsuit. First, Defendant has shown the mark VESTA is generic because many other entities engaged in the same areas of business also use the mark. Additionally, Plaintiff's claim is barred by laches because Plaintiff did not timely pursue a claim against Vesta Management Services, despite Defendant using the term for years

before Plaintiff brought its claim. Finally, Plaintiff has not even proved that it is engaged in the same business as Defendant, and the two entities are therefore not competitors. For each of these reasons, Plaintiff cannot succeed on its infringement claim against Defendant.

Furthermore, Plaintiff has failed to show this case is an exceptional case worthy of an award of attorney's fees. Plaintiff misstates the law in arguing that continuing to use a mark after receiving a cease and desist letter is a willful infringement, a scenario this Court has consistently held does not *per se* establish a willful infringement. Accordingly, Plaintiff should not be able to recover attorney's fees for prosecution of this lawsuit under 15 U.S.C. § 1117(a).

Plaintiff has not established that a likelihood of confusion has been created from Defendant Vesta Management Service's use of the mark VESTA. Accordingly, this Court should not enjoin Defendant Vesta Management Services from its use of the mark VESTA, and this court should deny Plaintiff's Motion for Summary Judgment in its entirety.

Respectfully Submitted,

/s/ A. Scot Chase
A. Scot Chase
Email: schase@donatominxbrown.com
State Bar No. 04148550
Southern District I.D. No. 9915
Attorney-in-Charge for Defendant Vesta
Management Services, LLC

OF COUNSEL:
DONATO, MINX, BROWN & POOL, P.C.
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
Phone: 713-877-1112
Facsimile: 713-877-1138

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument was forwarded to all interested parties this the 13th day of November, 2015 via email.

*/s/ A. Scot Chase*
A. Scot Chase

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **VESTA CORPORATION,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL NO. 4:15-cv-00719** |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § | **INJUNCTION REQUESTED** |
| | § | |
| **VESTA MANAGEMENT** | § | |
| **SERVICES, LLC,** | § | |
| | § | |
| **Defendant** | § | |
| | § | |

## ORDER

IT IS ORDERED that Plaintiff Vesta Corporation's Motion for Summary Judgment is DENIED in its entirety.

SIGNED in Houston, Texas this _____ day of _____, 2015.


_____
UNITED STATES DISTRICT JUDGE