# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| VESTA CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> VESTA MANAGEMENT SERVICES, LLC, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. 4:15-CV-00719 |

### PLAINTIFF VESTA CORPORATION'S THIRD SUPPLEMENTAL RESPONSE TO DEFENDANT VESTA MANAGEMENT SERVICES, LLC'S FIRST SET OF INTERROGATORIES

In accordance with Fed. R. Civ. P. 33, plaintiff Vesta Corporation hereby supplements its response to defendant Vesta Management Services, LLC's First Set of Interrogatories served June 24, 2015.

### PRELIMINARY STATEMENT

In making this response, Vesta Corporation expressly reserves:

1. all questions as to the competence, relevance, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this case or in any related or subsequent action or proceeding, if any, of any of the information it is providing or the subject matter thereof;

2. the right to object on any ground to the use of information produced or the subject matter thereof at any trial or hearing in this case or in any related or subsequent action or proceeding;

3. the right to object on any ground at any time to a demand for further information; and

4. the right at any time to revise, supplement, correct, or add to this response.

Vesta Corporation will frame its responses subject to and without waiver of the general and specific objections set forth herein.

## **GENERAL OBJECTIONS**

1. Vesta Corporation objects to each Definition, Instruction, and Interrogatory to the extent that they place a requirement or obligation upon Vesta Corporation beyond the requirements and obligations set forth in the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern District of Texas.

2. Vesta Corporation objects to each Definition, Instruction, and Interrogatory that purports to require identification and disclosure of information that was prepared in anticipation of litigation, that constitutes attorney work product, that discloses the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Vesta Corporation, that contains attorney-client communications, that is protected from discovery by a joint defense agreement, or that is otherwise protected from disclosure.  Vesta Corporation hereby claims such privileges and protections to the extent implicated by each Definition or Interrogatory and will exclude privileged and protected documents from its responses to Vesta Management's Interrogatories.

3. Vesta Corporation objects to each Interrogatory to the extent that it calls for the production proprietary or confidential commercial information in the absence of a protective order.

4.      Vesta Corporation objects to each Interrogatory to the extent that it calls for information that is neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Vesta Corporation objects to each Interrogatory to the extent that it calls for the production of information that is not in the possession, custody, or control of Vesta Corporation.

6.      Vesta Corporation objects to those Interrogatories that are duplicative or cumulative and as to which information may be, or has been, obtained from another, more convenient source for whom provision of such information would be less burdensome or less expensive.

## DEFINITIONS

1. "Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states "any designated documents or electronically stored information -- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations -- stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." The term "document" refers to any document now or at any time in VESTA CORPORATOINS's possession, custody or control. A person is deemed in control of a document if the person has any ownership, possession or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

   **Objection**: Plaintiff Vesta Corporation objects to the definition of "Document" to the extent that it differs from the requirements of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern District of Texas. Plaintiff Vesta Corporation further objects to the phrase "[a] person is deemed in control of a document if the person has any ownership, possession or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof" to the extent that it differs from the requirements of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern District of Texas.

2. "Plaintiff," "you" or "your" shall mean plaintiff VESTA CORPORATION, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3. A reference to a "person" includes an individual, corporation, partnership, joint venture, Limited Liability Company, governmental authority, unincorporated organization, trust, association or other entity and includes all of that person's principals, employees, agents, attorneys, consultants and other representatives.

4. The term "concerning" means consisting of, referring to, relating to, reflecting, concerning or being in any way logically or factually connected with the matter discussed.

5. The term "mark" shall mean any word, name, symbol or device [(including any key word or metatag)] or any combination thereof.

6. "The Asserted Mark" shall mean the mark VESTA recorded in U.S. Patent and Trademark Office, Registration No. 2535779.

7. "Defendant's Mark" shall mean the name Vesta Management Services, LLC.

8. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

10. The terms "all," "any" or "each" encompass any and all of the matter discussed.

11. The use of singular form includes plural, and vice versa.

12. The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

1. Answers to these interrogatories shall be served upon the undersigned attorneys at 2300 Southwest Freeway, Ste. 2300, Houston, Texas 77027 within thirty (30) days of service of these interrogatories.

2. Each interrogatory is to be answered fully based on information in your possession, custody or control, or in the possession, custody or control of your representatives, agents or attorneys.

3. If you object to any interrogatory or any portion of an interrogatory on the ground that the answer reflects or would reveal the substance of a privileged communication, identify:

(a) The nature of the privilege claimed;

(b) The person who made the communication, whether oral or in writing;

(c) If the communication was oral, all persons present while the communication was made;

(d) If the communication was written, the author, addressees and any other recipients;

(e) The relationship of the author of the communication to each recipient;

(f) The relationship of the persons present to the person who made the communication;

(g) The date and place of the communication; and

(h) The general subject matter of the communication.

    **Objection**: Plaintiff Vesta Corporation objects to this Instruction to the extent that it places a burden on it different from or greater than the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern District of Texas.

4. Unless otherwise stated herein, these interrogatories cover the time period from January 1, 2010 up to and including the present.

5. These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your answers to these interrogatories, you must promptly supplement your answers to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

---

## INTERROGATORIES

**INTERROGATORY NO. 24**: Identify all properties in Texas owned and/or managed by Vesta Corporation from January 1990 to the present, and state the date the properties were acquired and the date that Vesta Corporation ceased owning and/or managing the properties.

    **RESPONSE**:  Please refer to the table below.

| Property Name | Property Location | Dates of Ownership/Management |
|---|---|---|
| Skyline Apartments | McKinney | 10/13/1998–3/15/2004 |
| Ashleye Village | Lake Dallas | 3/1/2001–6/25/2004 |
| Running Brook | Arlington | 3/1/2001–6/25/2004 |
| Camino de Oro | San Antonio | 12/1/1998–8/23/2006 |
| Park at Woodland Springs | Spring | 1/22/2015–Present |

**FIRST SUPPLEMENTAL RESPONSE**:  Please refer to the table below.

| Property Name | Property Location | Dates of Ownership/Management |
|---|---|---|
| El Patrimonio | McAllen | 9/22/2015–Present |
| The Galilean | Edinburg | 9/22/2015–Present |
| Rio De Vida | Hidalgo | 9/22/2015–Present |

**SECOND SUPPLEMENTAL RESPONSE**:  Please refer to the table below.

| Property Name | Property Location | Dates of Ownership/Management |
|---|---|---|
| Gates of Capernum | San Antonio | 10/9/2015–Present |
| Vida Que Canta | Mission | 10/9/2015–Present |
| Amistad | Donna | 10/22/2015–Present |
| El Pueblo Dorado | Pharr | 10/22/2015–Present |
| La Estancia | Weslaco | 10/22/2015–Present |

    In its First Supplemental Response, plaintiff Vesta Corporation stated that The Galilean was located in Hidalgo.  The address of The Galilean is actually in Edinburg, which is in Hidalgo County.  Plaintiff Vesta Corporation has noted that correction above.

Dated: November 11, 2015               PLAINTIFF,
                                       VESTA CORPORATION


                                       By:___/s/ Adam B. Marks_____
                                           Richard S. Order
                                           Email: rorder@uks.com
                                           Federal I.D. No. ct02761
                                           Adam B. Marks
                                           Email: amarks@uks.com
                                           Federal I.D. No. ct28787
                                           Christopher A. Klepps
                                           Email: cklepps@uks.com
                                           Federal I.D. No. ct29463
                                           UPDIKE, KELLY & SPELLACY, P.C.
                                           100 Pearl Street
                                           P.O. Box 231277
                                           Hartford, CT 06123-1277
                                           Telephone: 860.548.2600
                                           Facsimile: 860.548.2680

                                           Ethan G. Gibson
                                           Email: egibson@fulkersonlotz.com
                                           State Bar No. 24073131
                                           Federal I.D. No. 1145802
                                           FULKERSON LOTZ LLP
                                           700 Louisiana Street, Suite 5200
                                           Houston, TX 77002-2773
                                           Telephone: 713.654.5888
                                           Facsimile: 713.654.5801
                                           Attorney-in-Charge for
                                           Plaintiff Vesta Corporation

                                           Thomas M. Fulkerson
                                           Email: tfulkerson@fulkersonlotz.com
                                           State Bar No. 07513500
                                           Federal I.D. No. 774
                                           FULKERSON LOTZ LLP
                                           700 Louisiana Street, Suite 5200
                                           Houston, TX 77002-2773
                                           Telephone: 713.654.5888
                                           Facsimile: 713.654.5801

## VERIFICATION

I, Joshua Greenblatt, am Vice President of Vesta Corporation and hereby verify that I have reviewed the foregoing answers to Interrogatories and that I am informed they are true and accurate based on information known generally by Vesta Corporation and its staff and within its records.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November \_\_, 2015.

_____
Joshua Greenblatt

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2015, a true copy of the foregoing was served by email the following counsel of record:

A. Scot Chase
Donato, Mix, Brown & Pool, P.C.
3200 Southwest Freeway, Suite 2310
Houston, Texas 77207
schase@donatominxbrown.com

By: /s/ Adam B. Marks
Adam B. Marks (ct28787)
UPDIKE, KELLY & SPELLACY, P.C.