UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

VESTA CORPORATION,

    Plaintiff,

V.

VESTA MANAGEMENT SERVICES, LLC,

    Defendant.

CIVIL ACTION NO. 4:15-CV-00719

**PLAINTIFF VESTA CORPORATION'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT VESTA MANAGEMENT SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**............................. 1

**STATEMENT OF THE ISSUES AND APPLICABLE STANDARD OF REVIEW**.................. 1

**SUMMARY OF THE ARGUMENT** ................................................................................. 1

**ARGUMENT** ..................................................................................................................... 2

    **I.**    **The Affidavit of Laura Krupala is Not Proper Evidence of Hardship** ........ 2

    **II.**    **The Costs Claimed by Laura Krupala Are Grossly Overstated** ................ 3

    **III.**    **The Balance of the Hardships Weighs in Favor of Plaintiff Vesta Corporation** ........................................................... 7

**CONCLUSION** ................................................................................................................. 9

_____

PLAINTIFF VESTA CORPORATION'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT VESTA MANAGEMENT SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT – PAGE i
1164259

## TABLE OF CONTENTS OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| 1 | Texas Secretary of State Form 424—General Information (Certificate of Amendment) |
| 2 | Second Supplemental Declaration of Joshua Greenblatt Executive Vice President, Vesta Corporation |
| 3 | Supplemental Declaration of Ashley McLaughlin, Marketing Coordinator, Vesta Corporation |
| 4 | Supplemental Declaration of Paul Bearce, Director of Physical Plant, Vesta Corporation |
| 5 | Second Supplemental Declaration of Charles Moran Executive Vice President, Vesta Corporation |

# TABLE OF AUTHORITIES

**Cases**

*Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321 (5th Cir. 2008) ............................... 1

*Choice Hotels Int'l, Inc. v. Patel*, 940 F. Supp. 2d 532 (S.D. Tex. 2013) ............................. 7

*EMC Corp. v. Hewlett-Packard Co.*, 59 F. Supp. 2d 147 (D. Mass. 1999) ............................ 8

*Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539 (5th Cir. 1980) ................................ 2

*Quantum Fitness Corp. v. Quantum LifeStyle Centers, L.L.C.*,
 83 F. Supp. 2d 810 (S.D. Tex. 1999) ............................................................................ 8

*T-Mobile US, Inc. v. AIO Wireless LLC*, 991 F. Supp. 2d 888 (S.D. Tex. 2014) .................... 8

**Statutes**

15 U.S.C. § 1116 .............................................................................................................. 1, 9

15 U.S.C. § 1117(a) ............................................................................................................... 9

Tex. Bus. & Com. Code § 16.102(c) ................................................................................. 1, 9

**Rules**

Fed. R. Evid. 801(c) ................................................................................................................ 3

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

On December 15, 2015, the Court held argument on both parties' motions for summary judgment. At the hearing, the Court requested that defendant Vesta Management supplement its briefs to provide evidence of the hardship it would face if it were enjoined from using plaintiff Vesta Corporation's VESTA service mark. On December 29, 2015, defendant Vesta Management supplemented its motion for summary judgment and its opposition to plaintiff Vesta Corporation's motion for summary judgment ("Supplement") [Dkt. 36].

## STATEMENT OF THE ISSUES AND APPLICABLE STANDARD OF REVIEW

Is plaintiff Vesta Corporation entitled to an injunction pursuant to 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.102(c)? The issuance of an injunction is reviewed for an abuse of discretion. *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 334 (5th Cir. 2008).

## SUMMARY OF THE ARGUMENT

In its Supplement, defendant Vesta Management relies entirely on an Affidavit of Laura Krupala, in which Ms. Krupala estimates a monetary value of $282,200.00 as the amount of hardship that defendant Vesta Management would incur if it were enjoined from using plaintiff Vesta Corporation's VESTA service mark. *See* Supplement, Exhibit A at ¶¶ 2(i)–(t). The Court should disregard Ms. Krupala's affidavit in its entirety on the grounds that it is based on hearsay and fails to attach any evidence supporting her estimates of hardship. Moreover, defendant Vesta Management has failed to explain why many of the costs that Ms. Krupala claims are necessary would be incurred if defendant Vesta Management ceased using plaintiff Vesta Corporation's VESTA mark. Assuming, *arguendo*, that the Court considers Ms. Krupala's affidavit, the only hardship claimed by Ms.

Krupala is the cost of rebranding to render defendant Vesta Management compliant with federal law.

Consequently, the Court should grant plaintiff Vesta Corporation's Motion for Summary Judgment, deny defendant Vesta Management's Motion for Summary Judgment, and enjoin defendant Vesta Management from further infringement of plaintiff Vesta Corporation's VESTA service mark.

## ARGUMENT

### I. The Affidavit of Laura Krupala is Not Proper Evidence of Hardship

Ms. Krupala's affidavit, which she asserts is "based on the actual expenses that were incurred by Defendant Vesta Management, LLC when the items were initially obtained"; Supplement, Exhibit A at ¶ 2(m); is not proper evidence of defendant Vesta Management's hardship. Rather than provide any actual evidence of the actual costs incurred by defendant Vesta Management, Ms. Krupala provides estimated figures without any support. The Federal Rules of Civil Procedure require "affidavits in support of or opposition to a summary judgment motion set forth facts that would be admissible in evidence. It is well established that hearsay evidence in such affidavits is entitled to no weight." *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980).

For example, Ms. Krupala testifies in her affidavit that "[t]he attorney that Defendant Vesta Management Services, LLC uses to prepare the necessary documents at closing has estimated that it will cost $50,000 to change all of the management contracts, assignments of management contracts, notifications for lenders, operating agreements, and name registrations." Supplement, Exhibit A at ¶ 2(i). This statement is textbook hearsay. Ms. Krupala is attempting to prove that defendant Vesta Management will incur $50,000 of expenses based on the out of court statement of one of its attorneys. *See* Fed. R. Evid.

___

PLAINTIFF VESTA CORPORATION'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT VESTA MANAGEMENT SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT – PAGE 2
1164259

801(c). Evidence of this alleged expense should have been provided by the attorney who gave the estimate to Ms. Krupala.

Additionally, each of Ms. Krupala's statements that is "based on the actual expenses that were incurred by Defendant Vesta Management, LLC when the items were initially obtained" is inadmissible. *See, e.g.*, Supplement, Exhibit A at ¶¶ 2(n), (o), (p), (q), (r), (s), and (t). Ms. Krupala's failure to provide any context for those statements in the form of invoices, contracts, or estimates renders it nearly impossible for plaintiff Vesta Corporation to respond to defendant Vesta Management's claim of hardship.

Defendant Vesta Management has had three opportunities to provide evidence to support its claim of hardship, and all three times it has failed to provide any competent and admissible evidence to prove its hardship. *See* Dkt. 28 (failing entirely to address the factors considered in deciding to grant injunctive relief); Dkt. 30 at 16–17 (failing to address hardship to defendant Vesta Management); and Supplement (failing to provide competent evidence of hardship). At this point it is reasonable to infer that such evidence does not exist.

## II. <u>The Costs Claimed by Laura Krupala Are Grossly Overstated</u>

Because defendant Vesta Management has failed to provide any support for the figures provided by Ms. Krupala in her affidavit, it is difficult for plaintiff Vesta Corporation to respond to the claim of hardship. Nonetheless, it appears that the costs that she claims are necessary for defendant Vesta Management to incur to comply with federal trademark law are either grossly overstated, unnecessary, or both.

Ms. Krupala first claims that defendant Vesta Management will incur $50,000 of expenses "to change all of the management contracts, assignments of management contracts, notifications for lender, operating agreements and name registrations."

Supplement, Exhibit A at ¶ 2(i). All that is necessary for defendant Vesta Management to comply with plaintiff Vesta Corporation's requested injunction is that defendant Vesta Management file a certificate of name change with the secretary of state in each state in which it does business. *See, e.g.*, Texas Secretary of State Form 424—General Information (Certificate of Amendment) (**Exhibit 1**). The filing fee is negligible, just $150 in Texas; *id.* at 5; and defendant Vesta Management currently only does business in four states. Without seeing any evidence of contractual provisions to the contrary, it is difficult to believe that defendant Vesta Management will have to do anything more than provide written notice of its name change to the other parties to those agreements. As a result, the $50,000 figure is not only unsubstantiated but also beyond any reasonable estimate for filing a name change in four states and sending a brief notice to other contractual parties.

Ms. Krupala asserts that defendant Vesta Management will incur costs of $18,000 to redesign its logo and website. Supplement, Exhibit A at ¶ 2(n). Ms. Krupala fails to understand that plaintiff Vesta Corporation takes issue only with defendant Vesta Management's use of the VESTA service mark, not the appearance of its logo or website. Neither needs to be redesigned. Rather, the word "Vesta" just needs to be removed from both the logo and website, and defendant Vesta Management can simply substitute another word in its place. It is inconceivable that such a simple alteration would cost $18,000, and Ms. Krupala has not provided any evidence to the contrary. If defendant Vesta Management wishes to redesign its logo and website in addition to removing the word "Vesta," it may do so at its own expense.

Ms. Krupala estimates, but does not provide the basis for such estimation, that it will cost an IT company $30,000 to "set up a new domain name with all new email addresses,"

and that figure includes "five hours of time" at each of defendant Vesta Management's properties. Supplement, Exhibit A at ¶ 2(o). While Ms. Krupala is correct that defendant Vesta Management will need to change its domain, www.vesta24-7.com, she provides no support for why changes need to be made at the property level. None of the domains for defendant Vesta Management's properties include the word "Vesta." *See* Second Supplemental Declaration of Joshua Greenblatt (**Exhibit 2**) at ¶ 9. For example, the domain name for 3939 Rosemeade, one of defendant Vesta Management's properties, is www.3939rosemeade.com, and the domain name for Arbors of Austin, another of defendant Vesta Management's properties, is www.arborsofaustin.com. *Id.* at 10 and Exs. B and C thereto. In fact, the only words or terms found in the domains for any of defendant Vesta Management's properties that are not the name of the property itself are "liveat," "apts," "apthomes," "apartment," "Austin," and "Raleigh." *Id.* at 11. Because the domain names for defendant Vesta Management's properties do not need to be changed, the vast majority of the alleged $30,000 would be unnecessary to incur.

The claims of $57,000 for color brochures; Supplement, Exhibit A at ¶ 2(q); and $7,000 for business cards; Supplement, Exhibit A at ¶ 2(s); overstate the actual cost to defendant Vesta Management. While those figures *may* be the cost to do a full run of new brochures or business cards, and Ms. Krupala does not provide evidence that is the case, defendant Vesta Management incurs no financial hardship for those brochures and business cards that it has already distributed since the last time it reordered those items. Moreover, at the rate paid for brochures and business cards by plaintiff Vesta Corporation, the figures provided by Ms. Krupala equate to over 1,350 brochures per property and over 1,000 color printed, dual-sided business cards per management level employee. *See*

___

PLAINTIFF VESTA CORPORATION'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT VESTA MANAGEMENT SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT – PAGE 5
1164259

Second Supplemental Declaration of Joshua Greenblatt (**Exhibit 2**) at ¶ 7 and Ex. A thereto; Supplemental Declaration of Ashley McLaughlin (**Exhibit 3**) at ¶ 6 and Ex. A thereto. Both of these figures are well above industry standards. *See* Supplemental Declaration of Ashley McLaughlin (**Exhibit 3**) at ¶ 7. This suggests either that defendant Vesta Management has inflated its alleged costs or is unnecessarily paying more than industry standards for such materials.

In its Motion for Summary Judgment, defendant Vesta Management stated that its "service facilities are not outwardly identified by the mark at issue." Dkt. 28 at ¶ 25. In her affidavit, however, Ms. Krupala asserts that branding items, which "include" mats, flags, signs, name tags, and guest cards, totaling "approximately $76,000 (38 properties x $2,000)," are used at each property. Supplement, Exhibit A at ¶ 2(r). If defendant Vesta Management has been using branding items that identify its properties as "Vesta" properties, then there is even more likelihood of confusion created by its use of plaintiff Vesta Corporation's VESTA service mark at its properties. In any event, based on Ms. Krupala's $2,000 per property figure, the costs of such "branding items" are far in excess of the amounts paid by plaintiff Vesta Corporation for similar items, and defendant Vesta Management cannot claim hardship for its unnecessary expenses. *See* Supplemental Declaration of Ashley McLaughlin (**Exhibit 3**) at ¶¶ 8–10 and Exs. C–E thereto.

Ms. Krupala estimates that it would cost $39,900, or $30 per shirt, to "change the name on the uniforms" of defendant Vesta Management's property-level employees. *Id.* at ¶ 2(t). Although plaintiff Vesta Corporation has no way of verifying this figure, it is far higher than quote of $13.80 per shirt that plaintiff Vesta Corporation received nine months ago from Cintas Corporation, a national supplier of corporate uniforms. *See* Supplemental

---

Declaration of Paul Bearce (**Exhibit 4**) at ¶¶ 6–7 and Ex. A thereto.  The $13.80 per shirt price was based on a quantity of 70 shirts and included a patch displaying plaintiff Vesta Corporation's logo; *id.* at ¶¶ 7–8; so one would presume that defendant Vesta Management would be able to negotiate an even more favorable price for its 1,330 shirts.  Without any evidence supporting Ms. Krupala's estimate, it again appears that she has grossly overstated the cost that allegedly would be incurred by defendant Vesta Management if the Court enjoined it from further infringing plaintiff Vesta Corporation's VESTA service mark.

### III.     The Balance of the Hardships Weighs in Favor of Plaintiff Vesta Corporation

While defendant Vesta Management will incur some costs in ceasing its infringement of plaintiff Vesta Corporation's VESTA service mark, the harm is far smaller than that claimed by Ms. Krupala and is merely the price to be paid to comply with federal and state law.  *See Choice Hotels Int'l, Inc. v. Patel*, 940 F. Supp. 2d 532, 543 (S.D. Tex. 2013) ("The hardship [defendant] Mr. Patel would face with the entry of a permanent injunction—namely, complying with state and federal law—pales in comparison with the irreparable harm that [plaintiff] Choice Hotels would face if [defendant] Mr. Patel once again began displaying [plaintiff's] Comfort marks at the subject property.").

Moreover, beyond the monetary hardship, it does not appear that defendant Vesta Management will suffer any significant hardship to its business.  Because defendant Vesta Management is the affiliate of InterCapital Group, LLC responsible for managing the properties owned by InterCapital Group, there is no reason to believe that if defendant Vesta Management is required to change its name that InterCapital Group will cease using it to manage its properties.  Supplement, Exhibit A at ¶¶ 2(b)–(f).  Certainly nothing in Ms. Krupala's affidavit has indicated anything to the contrary.

Plaintiff Vesta Corporation, which has been using its incontestable VESTA service mark for nearly 18 years, will suffer far greater hardship if its brand is devalued by the

___

PLAINTIFF VESTA CORPORATION'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT VESTA MANAGEMENT SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT – PAGE 7
1164259

continuing likelihood of confusion and instances of actual confusion, which will impact plaintiff Vesta Corporation's reputation. *See, e.g.*, Ex. A to Supplemental Affidavit of Charles Moran (**Exhibit 5**) ("I have tried to talk to the manager, Shondra, about this, but she hasn't returned my call. Today when I called and Maureen, the assistant manager, she told me Shondra won't be back until Monday the 4th. My rent (and water bill) is due on the 2nd, and late on the 3rd. When I spoke to Maureen on the phone, she asked me to hold while she looked up my lease. Then the phone was disconnected. When I called back, I got the answering machine. You wouldn't believe how often that happens. Whenever I have a problem, I seem to get disconnected most of the time.").

Financial hardship alone to defendant Vesta Management is not enough to overcome the hardship to be suffered by plaintiff Vesta Corporation, the registered owner of the incontestable VESTA service mark. *See T-Mobile US, Inc. v. AIO Wireless LLC*, 991 F. Supp. 2d 888, 929 (S.D. Tex. 2014) ("The harm to [plaintiff's] brand, which it has spent billions of dollars and over ten years creating, substantially outweighs the remaining harms that [defendant] will suffer in stopping the use of large blocks or swaths of plum in its marketing and store appearance."); *EMC Corp. v. Hewlett-Packard Co.*, 59 F. Supp. 2d 147, 152 (D. Mass. 1999) (alleged anticipated loss of sales in excess of $100 million does not outweigh 20 years development of goodwill related to marks). Moreover, any costs incurred by defendant Vesta Management since it received plaintiff Vesta Corporation's cease and desist letter last January, including costs incurred at the five properties defendant Vesta Management will begin managing during the first quarter of 2016; Supplement, Exhibit A at ¶ 2(k); were incurred at its own peril. *See Quantum Fitness Corp. v. Quantum LifeStyle Centers, L.L.C.*, 83 F. Supp. 2d 810, 832 (S.D. Tex. 1999) ("This court also observes that many of [defendant's] marketing and advertising costs were expended after [defendant] was notified of [plaintiff's] trademark grievances. [Defendant] chose to incur these costs in the

face of a possible infringement claim, a fact that undercuts [defendant's] claim of hardship.").

Finally, companies rebrand themselves all the time and continue to operate under new names without undue hardship. Here, defendant Vesta Management has proffered only the costs of rebranding and not any undue hardship resulting from the rebranding.

Consequently, on the basis of the evidence before the Court, a balance of the hardships weighs heavily in favor of plaintiff Vesta Corporation.

## **CONCLUSION**

Because defendant Vesta Management has failed to provide admissible evidence to the Court concerning its alleged hardship, the Court should grant plaintiff Vesta Corporation's Motion for Summary Judgment [Dkt. 26], deny defendant Vesta Management's Motion for Summary Judgment [Dkt. 28], and enter a permanent injunction pursuant to 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.102(c) enjoining and restraining defendant Vesta Management from using the VESTA mark in connection with its business, from making any statement or representation and/or performing any acts likely to lead the public to believe that defendant Vesta Management is directly or indirectly associated or connected with plaintiff Vesta Corporation, from engaging in any acts or activities calculated to trade upon plaintiff Vesta Corporation's VESTA mark or the reputation or goodwill of plaintiff Vesta Corporation, from in any manner falsely designating defendant Vesta Management's goods and/or services as originating with, being associated with, or sponsored or approved by plaintiff Vesta Corporation, and from committing any other act that infringes or dilutes the quality or value of plaintiff Vesta Corporation's VESTA mark or constitutes an unfair trade practice, unfair competition, or false advertising.

Moreover, pursuant to 15 U.S.C. § 1117(a), the Court should award to plaintiff Vesta Corporation its attorneys' fees and costs incurred in connection with this action.

___

PLAINTIFF VESTA CORPORATION'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT VESTA MANAGEMENT SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT – PAGE 9
1164259

Dated: January 12, 2016	PLAINTIFF,
	VESTA CORPORATION

	By:_____
	Ethan G. Gibson
	Email: egibson@fulkersonlotz.com
	State Bar No. 24073131
	Federal I.D. No. 1145802
	FULKERSON LOTZ LLP
	4511 Yoakum Blvd., Suite 200
	Houston, TX 77006-5821
	Telephone: 713.654.5888
	Facsimile: 713.654.5801

	ATTORNEY-IN-CHARGE FOR PLAINTIFF
	VESTA CORPORATION

OF COUNSEL:
Richard S. Order
Email: rorder@uks.com
Federal I.D. No. ct02761
Adam B. Marks
Email: amarks@uks.com
Federal I.D. No. ct28787
Christopher A. Klepps
Email: cklepps@uks.com
Federal I.D. No. ct29463
UPDIKE, KELLY & SPELLACY, P.C.
100 Pearl Street
P.O. Box 231277
Hartford, CT 06123-1277
Telephone: 860.548.2600
Facsimile: 860.548.2680


Thomas M. Fulkerson
Email: tfulkerson@fulkersonlotz.com
State Bar No. 07513500
Federal I.D. No. 774
FULKERSON LOTZ LLP
4511 Yoakum Blvd., Suite 200
Houston, TX 77006-5821
Telephone: 713.654.5888
Facsimile: 713.654.5801

_____
PLAINTIFF VESTA CORPORATION'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT VESTA MANAGEMENT
SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT – PAGE 10
1164259

## CERTIFICATE OF SERVICE

The undersigned certifies a true and correct copy of the foregoing was electronically filed on January 12, 2016, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

A. Scot Chase
Email: schase@scotchaselaw.com
State Bar No. 04148550
Federal I.D. No. 9915
LAW OFFICE OF SCOT A. CHASE
3200 Southwest Freeway, Suite 2350
Houston, Texas 77207
Telephone: 832.532.4400
Facsimile: 832.532.4402

By: *(signature)*
Ethan G. Gibson
Federal I.D. No. 1145802
FULKERSON LOTZ LLP